**Donald JOLLY, Plaintiff-Appellant,**

v.

**UNITED STATES of America, and American Federation of Government Employees, etc., et al., Defendants-Appellees.**

No. 73-2292
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.
Jan. 11, 1974.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

John Martin Galese, Carl E. Chamblee, Birmingham, Ala., for plaintiff-appellant.

Wayman G. Sherrer, U. S. Atty., Henry Frohsin, Asst. U. S. Atty., Birmingham, Ala., for U. S.

David J. Vann, Atty., Birmingham, Ala., Raymond J. Malloy, Assoc. Staff Counsel, Washington, D. C., Leonard Schaitman, Dept. of Justice, Donald Etra, Washington, D. C., for American Fed. of Gov. Emps.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Plaintiff Donald Jolly appeals from the order of the district court dismissing his complaint for lack of jurisdiction. This lawsuit represents plaintiff's third attempt to obtain relief in state or federal court from the action of the American Federation of Government Employees (AFGE) in suspending him as president of AFGE Local 2206, Birmingham, Alabama, and in imposing a trusteeship on the local union. Plaintiff previously had sought injunctive relief, but both the federal district court and the Alabama circuit court dismissed for want of jurisdiction.[1]

In the instant case, plaintiff seeks a declaratory judgment holding Executive Order 11491 "unconstitutional as contravening procedural due process and equal protection under the law" because it requires government employees to exhaust administrative remedies not demanded of private employees. Plaintiff invoked the jurisdiction of the federal district court under 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201, 2202. Once again the district court dismissed for want of jurisdiction. We affirm.

The Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, authorizes federal courts to provide declaratory relief; but it does not of itself confer jurisdiction on the federal courts. Skelly Oil Co. v. Phillips Petroleum Co., 1950, 339 U.S. 667, 671–672, 70 S.Ct. 876, 94

---

[1]. Though neither court stated its reasons for dismissal, it appears that plaintiff had failed to exhaust his administrative remedies under Executive Order 11491 and its implementing regulations, which provide for resolution of such disputes in administrative proceedings before the Department of Labor.

L.Ed. 1194, 1197–1200; El Paso Bldg. & Constr. Trades Council v. El Paso Chapter Assoc. Gen. Contractors of America, 5 Cir. 1967, 376 F.2d 797, 799. Consequently, plaintiff's claim here must rest on the establishment of jurisdiction under 28 U.S.C. § 1331. Section 1331 confers original jurisdiction on the federal courts over "federal question" cases provided that "the matter in controversy exceeds the sum or value of $10,000 . . .." Plaintiff has made no allegation that the matter in controversy here exceeds $10,000, and nothing in the pleadings or record indicates that such an amount is involved. Thus, plaintiff has failed to establish that the federal court has jurisdiction under 28 U.S.C. § 1331. Plaintiff has claimed no other basis for federal jurisdiction.

Affirmed.