**Johnnie R. CISSON**

v.

**LOCKHEED–GEORGIA COMPANY, a Division of Lockheed Aircraft Corporation.**

**Civ. A. No. 74–2216.**

United States District Court,
N. D. Georgia,
Atlanta Division.

March 11, 1975.

John W. Hammond, Greene, Smith & Traver, Marietta, Ga., for plaintiff.

Robert P. Barton, Legal Department, Marietta, Ga., for defendant.

## ORDER

RICHARD C. FREEMAN, District Judge.

This is an action to recover for alleged discrimination in employment based on sex. The action was originally brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., (hereinafter Title VII), the Civil Rights Act of 1866, 42 U.S.C. § 1981 and 28 U.S.C. § 1343(4), and the declaratory judgment statutes, 28 U.S.C. §§ 2201, 2202. Defendant has filed a motion to dismiss the complaint on several grounds. However, plaintiff has amended the complaint to strike the claims founded on 42 U.S.C. § 1981; therefore, the issues raised by the motion to dismiss with respect to § 1981 are now moot. Similarly, since 28 U.S.C. §§ 2201 and 2202 do not provide an independent jurisdictional basis for this suit, e. g., Jolly v. United States, 488 F.2d 35 (5th Cir. 1974), if the action is properly before the court, jurisdiction must be founded on Title VII. In support of its motion, defendant contends that this court is without jurisdiction because plaintiff neglected to file a complaint with the EEOC within 90 days of the alleged discriminatory act (180 days as amended). See 42 U.S.C. § 2000e-5(e). Defendant has submitted several affidavits in support of its motion; therefore, the motion will be considered as a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. See Rule 12(b).

■■ Defendant has complied with Local Court R. 91.72 by setting forth a listing of material facts which allegedly support its motion. Some of these facts are immaterial, except insofar as they provide background for the instant suit; they refer to a 1968 conciliation agreement entered into by the parties to this

lawsuit as a result of an EEOC complaint filed on January 4, 1967 (No. AT 7–1–1). Absent receipt of a "right to sue" letter, questions concerning EEOC Complaint No. AT 7–1–1 are not properly before the court. *See* Macklin v. Spector Freight Systems, Inc., 156 U.S.App.D.C. 69, 478 F.2d 979, 986 (1973); Cox v. United States Gypsum Co., 409 F.2d 289, 291 (7th Cir. 1969); Miller v. International Paper Co., 408 F.2d 283 (5th Cir. 1969). Furthermore, assuming arguendo that a possible breach of the conciliation agreement would state a valid cause of action pursuant to Title VII, that cause of action must be asserted by means of a timely-filed EEOC complaint. Thus, if EEOC Complaint No. TAT 2–0634, which forms the jurisdictional basis for this lawsuit, was untimely, consideration of former complaint No. AT 7–1–1 is completely foreclosed.[1]

The factual contentions set out by defendant's Rule 91.72 statement indicate that after plaintiff received certain training specified by the aforementioned conciliation agreement, she was promoted to the position of Production Change Analyst, effective March 29, 1969. Plaintiff remained in this job until September 19, 1970, when she was demoted to her former hourly job. Plaintiff filed EEOC Complaint No. TAT 2–0634 on December 8, 1971, and an amended complaint on April 3, 1972. Review of these complaints indicates that the December 8, 1971 complaint specified the following alleged violation:

> I was upgraded to a Managerial position in March 1969 in accordance with conciliation agreement on case AT 7–1–1 and in Sept. 1970, I was downgraded to same position I held prior to filing charges. The three male employees named in the case were not downgraded and to date have not been downgraded. The training that was demanded of me was not demanded of the males; therefore I should be better qualified that [sic] the males. There was nothing in the conciliation agreement concerning downgrading.

The subsequently amended complaint stated simply that "I was demoted from a managerial position by the above named company [defendant] because of my sex, female." Both the original and the amended complaint list the date of the alleged discriminatory act as September 19, 1970, and "continuing." Defendant contends that Complaint No. TAT 2–0634 is untimely, since it was "founded on an event (layoff or termination of employment in a management position) which was definite, isolated, and final, directly upon the plaintiff, and was complete 446 days before the plaintiff's [EEOC] Charge. . . ." As a result, defendant contends that this action is barred.

Plaintiff has not filed a statement in opposition to defendant's Rule 91.72 statement, but relies instead on the plain language of the EEOC complaint and the legal contention that this language, under the circumstances of this complaint, is sufficient to allege a continuing violation of Title VII, thereby rendering the complaint timely with respect to the filing requirements provided by 42 U.S.C. § 2000e–5(e). Plaintiff has also submitted an affidavit, which lists several instances in which she contacted officials of the EEOC regarding reopening of Complaint No. AT 7–1–1, stating that she actually attempted to reopen that complaint. Plaintiff does not, however, indicate how these facts show that she was misled regarding her need to file a new EEOC complaint founded upon the allegedly discriminatory discharge. Furthermore, even if the recited facts could be deemed to raise an in-

---

1. Plaintiff has not attempted to assert an independent jurisdictional basis founded on contract, or otherwise, which would enable this court to consider the alleged breach of the 1968 conciliation agreement as a separate cause of action. As a result, the court need not consider defendant's possibly well-founded argument that such an action would be barred by the four-year statute of limitations set forth in Ga.Code § 3–711.

ference of misrepresentation on the part of the EEOC officials, plaintiff has not argued that such misrepresentation would directly excuse the untimely filing of her complaint. Similarly, plaintiff has not cited cases which stand for the principle that informal, oral conversations with EEOC officials, in an effort to reopen a previously closed complaint, would be a valid substitute for a bona fide effort to file a formal EEOC charge. As noted above, questions regarding breach of the conciliation agreement in Complaint No. AT 7–1–1 are not properly before the court unless Complaint No. TAT 2–0634 is considered to be timely filed. Similarly, under the circumstances of this case, extension of the tolling rules discussed below, which would otherwise be applicable to this action, is simply not warranted. *See* note 2 *infra*. Thus, plaintiff has effectively based her opposition to the instant motion on the sole ground that she has alleged a continuing violation of Title VII sufficient to confer jurisdiction on the EEOC and on this Court.

■ Although filing a timely EEOC complaint arguably constitutes a jurisdictional prerequisite to suit under Title VII, *see* 42 U.S.C. § 2000e–5(e) *and* note 3 *infra,* there are several recognized exceptions to strict application of this requirement. In the first instance, it is well-settled in this jurisdiction that invoking available union grievance machinery tolls "the statute of limitations applicable to the filing of charges with the EEOC . . . .", Hutchings v. United States Industries, Inc., 423 F.2d 303, 308 (5th Cir. 1970), assuming the claims asserted in the Title VII action are actually raised during the grievance process. Ross v. General Motors Corp., Civil Action No. 17847 (N.D.Ga., Feb. 4, 1975). Similarly, filing an EEOC complaint tolls the state statute of limitations applicable to actions brought under 42 U.S.C. § 1981, even if the EEOC complaint itself is considered to be untimely.[2] Guerra v. Manchester Terminal Corp., 498 F.2d 641 (5th Cir. 1974); Ross v. General Motors Corp., *supra. But see* Johnson v. Railway Express Agency, Inc., 489 F.2d 525 (6th Cir. 1973) (no tolling), cert. granted, 417 U.S. 929, 94 S.Ct. 2639, 41 L.Ed.2d 232 (1974). Finally, many courts have also recognized the rule that an EEOC complaint raising claims which may be classified as arising from "continuing discrimination" is not subject to strict limitation under the Title VII filing requirements. *See* Gates v. Georgia-Pacific Corp., 492 F.2d 292 (9th Cir. 1974); Pacific Maritime Assoc. v. Quinn, 491 F.2d 1294 (9th Cir. 1974); Macklin v. Spector Freight Systems, Inc., 156 U.S.App.D.C. 69, 478 F.2d 979 (1973); Belt v. Johnson Motor Lines, Inc., 458 F.2d 443 (5th Cir. 1972); Cox v. United States Gypsum Co., 409 F.2d 289 (7th Cir. 1969); Kohn v. Royall, Koegel & Wells, 59 F.R.D. 515 (S.D.N.Y.1973), app. dismissed, 496 F.2d 1094 (2d Cir. 1974) (order not appealable).

In the instant case, plaintiff does not contend that she invoked a union grievance procedure, thereby tolling the Title VII limitations period, and, as noted above, her claims under 42 U.S.C. § 1981 have been stricken by amendment. As a result, the issue *sub judice* turns on the question of whether or not plaintiff's EEOC complaint could be construed as raising a claim of continuing discrimi-

**2.** Review of the relevant cases indicates that the tolling rules in this jurisdiction are designed to achieve an accommodation between the purpose of Title VII to foster private settlement of disputes through conciliation and general principles relating to statutes of limitations and the election of remedies. *See* Hutchings v. United States Industries, *supra*; Culpepper v. Reynolds Metals Co., 421 F.2d 888 (5th Cir. 1970); Ross v. General Motors Corp., *supra. See generally* Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). These rules are not applicable here; conducting informal conversations with officials of the EEOC or with company officials is not equivalent to invoking formal grievance arbitration machinery insofar as the tolling of Title VII filing requirements is concerned.

nation. Review of the relevant cases indicates that claims are most often deemed "continuing" when they complain of discriminatory hiring practices and are asserted in behalf of a class. *See* Macklin v. Spector Freight Systems, Inc., *supra*; Kohn v. Royall, Koegel & Wells, *supra*; Banks v. Lockheed-Georgia · Co., 46 F.R.D. 442, 444 (N.D.Ga. 1968). Although the *Kohn* case ruling was deemed equally applicable to individual as well as class complaints, *id.* at 523 (on reconsideration), the appropriate factor deemed controlling may have been the class action aspect:

> [O]rdinarily, refusal to hire is not a continuing violation. Molybdenum Corp. v. EEOC, 457 F.2d 935 (10th Cir. 1972). However, where, as here, the complaining party alleges that the refusal of employment results from an ongoing pattern and practice of discrimination and seeks to represent the entire class of persons allegedly discriminated against, his or her individual grievance provides merely the springboard from which to investigate the employer's alleged continuing violation with respect to the class as a whole. The refusal to hire, which is isolated as to the individual, forms one item in an ongoing series of violations with respect to the class, the many elements of which are linked by their common source—employer discrimination.

*Id.* at 513. Similarly, a hiring, transfer, or arguably a layoff decision, albeit isolated incidents when considered alone, may present claims of continuing discrimination if they constitute "single episodes in an alleged conspiracy to deny appellants . . . jobs because of their race . . . ." Macklin v. Spector Freight Systems, Inc., *supra* at 987. In fact, when it is obvious that a Title VII plaintiff is complaining of discriminatory hiring, promotion, or transfer practices, it would seem to be a needless, futile gesture to require that plaintiff to make a formal reapplication for the desired position, simply because the EEOC complaint was not filed within 180 or 210 (or 90 under prior law) days of the initial application. One court has indicated that so long as the desired position is unfilled and otherwise available to the named plaintiff, the filing of an EEOC charge raising discriminatory hiring claims outside the period of limitations would be excused. *See* Gates v. Georgia-Pacific Corp., *supra* at 294–95.

Of course, every past act of discrimination may have some future impact, and certainly the "sins of the fathers" are often perpetuated to the present date. As a result, a broad extension of the continuing discrimination concept would arguably permit a lawsuit to be commenced irrespective of when the alleged discrimination occurred, thereby completely eliminating any period of limitations for Title VII actions. *Cf.* King v. Seaboard Coast Line R. R., 8 F. E.P. 339 (M.D.N.C.1974). In Griffin v. Pacific Maritime Assoc., 478 F.2d 1118 (9th Cir. 1973), the plaintiffs actually argued for such an extension. The *Griffin* plaintiffs sought to apply the continuing discrimination rule to events occurring in 1946, by alleging that a discriminatory layoff in that year had a continuing adverse effect on their pay and seniority up to the present time. The Court recognized the concept of continuing discrimination, as utilized in Cox v. United States Gypsum Co., *supra,* but concluded that the concept was not applicable. Thus, as the *Griffin* case indicates, even in those jurisdictions which apply the continuing discrimination rule, the courts have generally concluded that "[a] layoff [or discharge], by itself . . . is not . . . a continuing act [of discrimination]." *Id.* at 1120; Moore v. Sunbeam Corp., 459 F.2d 811, 827–28 (7th Cir. 1972); Loo v. Gerarge, 374 F.Supp. 1338 (D.Hawaii 1974). *See* Molybdenum Corp. v. EEOC, *supra*; Cox v. United States Gypsum, *supra*. *Cf.* Guerra v. Manchester Terminal Corp., *supra* at 648.

In the instant case, plaintiff would have this court in effect adopt a rule which has uniformly been rejected elsewhere that the insertion of the word "continuing" in the EEOC complaint invariably excuses the untimely filing of that complaint. As noted above, a layoff or discharge does not give rise to a *per se* claim of continuing discrimination. This court recognizes the general rule that a layman should be given wide latitude in his efforts to envoke the processes provided by Title VII; strict, over-technical application of the procedural intricacies of the Act is not consistent with its remedial purposes. Conversely, when over-liberal interpretations of EEOC complaints would actually frustrate the intent of Title VII, such interpretations should be rejected. Thus, this court rejects the argument espoused by plaintiff herein that whenever the term "continuing" is inserted in an EEOC complaint, the court and the EEOC should assume that the plaintiff actually desires to raise claims of discriminatory failure to rehire, repromote, or retransfer, rather than the discharge or demotion claim actually asserted. Such a rule would permit the bypass of orderly EEOC procedures whenever a layoff or discharge occurs and would completely frustrate the purpose of Title VII to foster conciliation by the parties rather than judicial confrontation.

The result in Cox v. United States Gypsum Co., *supra,* does not support plaintiff's argument. On the contrary, in *Cox* the Court specifically noted that two of the seven plaintiffs had filed timely EEOC charges and that two others had filed specific charges deemed sufficient to "suggest" claims of discriminatory recalls. As a result, insertion of the word "continuing" in the complaints filed by the other three plaintiffs was deemed sufficient to excuse the otherwise untimely filing of their complaints. In reaching this conclusion, the *Cox* Court gave particular deference to the decision of the EEOC to process the complaints:

Had these charges stood alone, and had the commission rejected them as untimely, insertion of the word "continuing" may perhaps not have saved them. But under the circumstances of this case and in light of the purposes of the act, we think these charges should be deemed a sufficient foundation for an action based on discriminatory failure to recall these plaintiffs.

*Id.* at 290. More recently, in Moore v. Sunbeam Corp,, *supra,* the EEOC had rejected the filed charge as untimely and the lower court dismissed the complaint. On appeal, the dismissal was affirmed in part, and reversed in part. In affirming the dismissal of the portions of the complaint which could be construed as raising claims of continuing discrimination, the Court held as follows: "The failure to promote may be a 'continuing' offense *if it is followed by repeated promotions of others in preference to the complainant,* but none of the documents before the EEOC specified any incidents of failure to promote . . . ." *Id.* at 828. (emphasis added). The action was remanded for evidentiary development of the question of whether or not an unrelated claim was timely filed.

The opinions of the Court of Appeals for the Seventh Circuit in *Cox* and *Moore* are persuasive in regard to the motion *sub judice.* In particular, this court agrees that the question of whether or not an EEOC complaint may be construed as raising claims of continuing discrimination turns on several factors. In *Cox,* these factors included the following: (1) a layoff, as opposed to a discharge, suggests a possibility of reemployment; (2) a layman's use of the term "continuing" suggests a claim of discriminatory hiring or recall; (3) the applicable collective bargaining agreement required the defendant to consider seniority in making a recall; (4) the EEOC accepted the charges as timely; and (5) the defendant received notice of other similar charges at the same time

by means of timely complaints filed by the other plaintiffs. Of course, as in the *Moore* case, actual evidence of continuing discriminatory conduct may be a persuasive, if not controlling, factor. In this jurisdiction, the fact that the action is brought as a class action provides an additional factor in favor of upholding the timeliness of the complaint. *See* Banks v. Lockheed-Georgia Co., *supra*. These factors when considered in conjunction with the purposes and intent of the remedial provisions of Title VII, constitute the measure by which the timeliness of an EEOC complaint should be judged.

 Application of the relevant factors to this motion indicates that the instant complaint was untimely. In the first instance, this is an action founded upon a layoff or demotion in employment with a concomitant loss in prestige, pay, and perquisites. As noted in *Cox*, such a layoff suggests the possibility of a subsequent recall or promotion, and plaintiff's use of the term "continuing" in her EEOC complaint suggests that she might have contended defendant was guilty of discriminatory promotion practices. Nevertheless, notwithstanding the fact that like the documents in the *Moore* case, the documents filed with the EEOC in this action omitted any reference to discriminatory recalls or promotions, the facts adduced in support of defendant's motion indicate an absence of such discrimination. Defendant has submitted several uncontroverted affidavits which affirmatively state that no persons have been promoted or hired into plaintiff's former position. These affidavits also state that defendant is under no obligation, either under a collective bargaining agreement or otherwise, to recall or repromote plaintiff into her former position in preference to any other candidate. Furthermore, the instant action is not a class action and there is no other plaintiff joined in this suit who has asserted a timely EEOC claim, thereby placing defendant on notice of claims of discriminatory promotion practices. Thus, two of the factors deemed critical in the *Cox* case are not fulfilled here, and the factor deemed essential in the *Moore* case, actual evidence of discriminatory hiring and promotion, is not present. As a result, since a decision by the EEOC to review an otherwise untimely Title VII complaint is not necessarily binding on the court, at least with respect to the Title VII claim itself,[3] the court finds that plaintiff has failed to allege a charge of continuing discrimination in Complaint No. TAT 2–0634.[4]

 Review of the documents in this record and review of plaintiff's affidavit indicates that in essence, plaintiff complains of her demotion from her

---

3. Courts in this jurisdiction have focused more on the question of whether or not the filing of timely or untimely EEOC complaints tolls the statute of limitations governing 42 U.S.C. § 1981, *rather than on the strict procedural filing requirements of Title VII itself. See* Guerra v. Manchester Terminal Corp., *supra*. As a result, the question of whether or not the filing of a timely EEOC charge is a jurisdictional prerequisite to suit under Title VII is arguably unsettled. *See id.* at 647 n. 6. The weight of authority supports the argument that the 42 U.S.C. § 2000e–5(e) filing requirements are jurisdictional; but, the courts differ widely regarding the degree of deference which should be afforded to a decision by the EEOC to consider the complaint as timely. *Compare* Macklin v. Spector Freight Systems, Inc., *supra* at 986, with Moore v. Sunbeam Corp., *supra* at 828 n. 41. In this case, § 1981 claims are not before the court; and this court agrees with the weight of authority that a decision by the EEOC that the complaint was timely is reviewable by the federal court, based on the relevant factors discussed above.

4. In the event plaintiff does possess evidence of discriminatory promotion practices which may constitute continuing discrimination, or if plaintiff is discriminated against in the future, this order will not preclude her assertion of such charges by means of a *timely* EEOC complaint. Under the circumstances of this case, requiring assertion of such claims before the EEOC, in addition to being consistent with the conciliatory purposes of Title VII, is mandated by the evidence before the court.

previous job, alleging that the demotion resulted from her female sex, whereas other male employees were not similarly demoted. A demotion, standing alone, does not give rise to a claim of continuing discrimination. In order for the claim to be continuing, the discriminatory demotion must be followed by discriminatory hiring or promotion practices; but defendant's affidavits indicate otherwise.[5] The act complained of in this suit, even if part and parcel of a pattern and practice of discriminatory demotions, was complete with respect to plaintiff as of the effective date of the demotion, September 19, 1970. Since EEOC Complaint No. TAT 2–0634 was not filed within 90 days of this date, the instant action is barred.

Accordingly, for the reasons stated hereinabove, defendant's motion for summary judgment is granted.

It is so ordered.

---

5. Defendant's Rule 91.72 statement also indicates that plaintiff's demotion was actually part of an overall reduction in defendant's workforce from 32,945 employees in September, 1969, to approximately 9,427 employees on January 11, 1975. This reduction, while possibly significant with respect to the merits of the plaintiff's claim, is not controlling in light of the present posture of this case.