**Etta Ruth STROUD**

v.

**DELTA AIRLINES, INC.**

Civ. A. No. 74–5.

United States District Court,
N. D. Georgia, Atlanta Division.

March 12, 1975.

Motion for Reconsideration Denied

April 2, 1975.

David Crosland, Atlanta, Ga., for plaintiff.

S. F. Davis and R. Anthony McKinnon, Law Department Delta Airlines, Inc., Dean Booth, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for defendant.

## ORDER

RICHARD C. FREEMAN, District Judge.

This is an action to recover for alleged discrimination in employment based on sex. Plaintiff, a former stewardess employed by defendant Delta Air Lines, Inc., seeks injunctive relief in the form of reinstatement with back pay, as well as an award of attorney's fees, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (hereinafter Title VII). A pre-trial conference has been held and a pre-trial order entered on October 22, 1974. Thereafter, plaintiff filed a motion to consolidate and defendant filed a motion for partial summary judgment. These motions are presently before the court.

Plaintiff seeks to consolidate this action with a subsequently filed class action, Stanley v. Delta Air Lines, Inc., Civil Action No. 74–1778, which is also pending in this court. Plaintiff argues that the *Stanley* case and this action involve similar questions of law and fact. Defendant objects to consolidation of these actions; but the issues raised by the motion and the objections thereto have effectively been mooted, since this court has been informed that the *Stanley* case has been settled by the parties. Accordingly, plaintiff's motion to consolidate is denied as moot.

Defendant's motion for partial summary judgment presents issues which are somewhat more complex. In the first instance, review of the motion and the brief in support does not clearly indicate which portion of this action is subject to the motion. Plaintiff's brief in opposition further confuses this question. Following citation to substantial legal authority, plaintiff ends one portion of her brief in opposition by concluding as follows: "Defendant's motion that it be granted summary judgment on the Court's ability to hear evidence with respect to a discriminatory practice which existed prior to the effective date of the Act should therefore, be denied." In another portion of this brief plaintiff states that "failure to file an EEOC charge does not bar hearing evidence of [discriminatory] practices." A motion for summary judgment is not a means to obtain preliminary rulings on the admissibility of evidence; therefore, such questions are irrelevant in the context of this motion. In ruling on a motion for summary judgment, the proper inquiry involves a determination of which facts and which legal issues founded upon those facts present triable questions. *See* Rule 56, Fed.R.Civ.P. Thus, in the present circumstances, the first inquiry concerns exactly which portion of this action may be resolved by application of the law to undisputed factual events. In Title VII suits, the ultimate factual issue is discrimination *vel non*. Defendant has not based its motion on this issue. A fair reading of the motion

*sub judice* indicates that defendant seeks a ruling that certain claims presented by this suit are barred, for the reason, among others, that they were not presented to the EEOC by means of a timely complaint. The factual issues relevant to this motion are undisputed, but before turning to the legal issues presented, some review of these facts and the legal contentions of the parties is warranted.

Review of the pre-trial order entered in this case and the briefs in support of this motion indicates that plaintiff has raised four separate instances of alleged violation of her equal employment rights. First, plaintiff complains that she was required to resign her position in April, 1965, as a result of defendant's policy of refusing to employ married stewardesses. Subsequently, plaintiff reapplied for her former position as a stewardess; but she was not reinstated, admittedly as a result of the no-marriage policy, and more recently as a result of defendant's policy of refusing to hire divorced women as stewardesses. Plaintiff contends that defendant's marriage and divorce policies are sexually discriminatory; however, these policies were changed by defendant well before this lawsuit was initiated and before plaintiff filed her EEOC complaint. Plaintiff also alleges two instances of alleged discriminatory practices following the change in Delta's policies, in that she was denied employment in 1972 and in 1973. She filed an EEOC charge regarding these claims in March, 1972. Plaintiff contends in essence that Delta refused to rehire her in 1972 and 1973 as a result of a continuing pattern and practice of sexual discrimination in employment. In addition, plaintiff contends that the 1973 refusal was in retaliation for the filing of her EEOC charge.

Defendant does not specifically dispute plaintiff's contentions relating to the no-marriage, no-divorce policies in effect from the date of plaintiff's termination from employment, until the poli-

cies were changed. On the contrary, defendant admits that plaintiff was terminated as a result of those policies and that she was not reinstated, first, as a result of the no-marriage policy, and in 1970, as a result of the no-divorce policy. Defendant bases its defense to this action on the fact that these policies were abandoned in March, 1971, and thereafter ceased to be factors in employment decisions. This fact is also a critical element regarding the motion *sub judice*, for defendant contends that plaintiff's claims founded upon the pre-1972 employment applications are not properly before the court. Defendant also contends that the evidence will show that the 1972 and 1973 employment decisions did not result from discriminatory practices; but review of the motion *sub judice* indicates that this issue is not presented at this time.

██ As noted above, the partial summary judgment motion is somewhat unclear; this confusion is illustrated by a supplemental brief. In this brief, defendant states the following:

> Defendant does not assert that it is entitled to summary judgment . . . [on jurisdictional grounds] as to its refusal to hire plaintiff on March 2, 1972 or June 22, 1973. Each of these unique, non-continuing acts took place either within 180 days prior to plaintiff's filing charges with the EEOC or after that time. As to the other events of defendant's refusal to hire plaintiff, however, the jurisdictional prerequisite was not met and defendant is entitled to summary judgment.

This portion of the brief indicates that defendant desires to resolve only those claims relating to the pre-1972 hiring practices by means of this motion. This conclusion is supported by the fact that the motion is styled as a partial, rather than a complete, summary judgment. Nevertheless, defendant's supplemental brief also contains the statement that "[t]here are still no facts advanced by plaintiff to show that the refusals to hire

in 1972 and 1973 were in any way based on sex discrimination." This statement is also consistent with the statement in defendant's initial brief in support of this motion to the effect that the uncontroverted facts show an absence of sex based discrimination in 1972 and 1973. If indeed there are no facts which show that defendant discriminated against plaintiff in 1972 and 1973, or that the decision not to rehire plaintiff on those dates was part and parcel of a continuing practice of sexual discrimination against plaintiff, then defendant would be entitled to a complete, rather than a partial, summary judgment. However, the naked allegation regarding the absence of such evidence, standing alone, does not entitle defendant to summary judgment; the party moving for summary judgment has the burden of showin that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c). Review of defendant's Local Rule 91.72 statement indicates the only factual allegation relied upon by defendant in this regard relates to the change in its no-marriage and no-divorce policies in 1971. Although this change may indicate that the prior policies are no longer "continuing" insofar as jurisdiction to consider claims regarding discharges and refusals to reinstate pursuant to those policies is concerned, the policy change, without more, does not compel a finding that 1972 and 1973 hiring policies were non-discriminatory. Furthermore, the fact of this change is not sufficient to shift the burden of proof on this motion to plaintiff. *See* Rule 56(e). As a result, even if this motion were construed as a motion for a complete, rather than partial, summary judgment, judgment on the claims relating to the 1972 and 1973 hiring decisions could not be entered at this time. Therefore, the court will turn to the issues presented by defendant's motion for partial summary judgment regarding plaintiff's pre-1972 claims.

Defendant asserts three basic legal contentions in support of this motion.

First, defendant contends that the claim regarding plaintiff's termination from employment in April, 1965, is barred because plaintiff was terminated before the effective date of Title VII, July 2, 1965. Secondly, defendant contends that plaintiff's claims regarding discriminatory failure to reinstate prior to 1972 are barred since these claims were not raised by a timely EEOC complaint. *See* 42 U.S.C. § 2000e–5(e). Lastly, defendant contends that it was entitled by principles of fundamental fairness to rely on the decision in Cooper v. Delta Air Lines, Inc., 274 F.Supp. 781 (E.D.La. 1967), in maintaining its no-marriage and no-divorce policies.

██ In opposition, plaintiff argues, as noted above, that evidence of past discriminatory policies is highly probative of possible present discrimination. This court agrees that it would arguably be error to exclude evidence of such policies; for, the court should consider "any past specific or general act, practice, policy or pattern of racial discrimination which the proof showed had any *present discriminatory effect.*" United States v. Dillon Supply, 429 F.2d 800, 804 (4th Cir. 1970) (emphasis added). *See generally* Bing v. Roadway Express, 485 F. 2d 441 (5th Cir. 1973); United States v. Jacksonville Terminal, 451 F.2d 418 (5th Cir. 1971). Plaintiff's statement may be a correct statement of law, but it relates to evidentiary matters not presented in the instant motion. The fact that evidence of past discrimination may be admissible to show a *present* violation of Title VII does not mean that the past discrimination, in and of itself, states a separate cause of action entitling a victim of the former discrimination to relief. In order to be entitled to such relief, the party aggrieved must fulfill the jurisdictional prerequisites to initiation of a Title VII complaint. One of these prerequisites requires the filing of a complaint with the EEOC within 180 (formerly 90) days of the alleged discriminatory act. 42 U.S.C. § 2000e–5(e). *E. g.*, Macklin v. Spector Freight Sys-

tems, Inc., 156 U.S.App.D.C. 69, 478 F. 2d 979, 986 (1973); Miller v. International Paper Co., 408 F.2d 283, 284–85 (5th Cir. 1969); Cisson v. Lockheed-Georgia Co., 392 F.Supp. 1176 (N.D.Ga., 1975); Ross v. General Motors Corp., Civil Action No. 17847 (N.D.Ga., Feb. 4, 1975).

■ Review of plaintiff's briefs in opposition to this motion indicates that plaintiff also contends that this court has jurisdiction to enter relief as a direct result of the 1965 termination from employment and the subsequent failure to reinstate plaintiff between 1965 and 1970. Plaintiff contends that "a discriminatory policy or practice, if continuing in nature, may be redressed regardless of whether or not there was a timely filing of an EEOC charge subsequent to a specific act. . . ." This is an accurate statement of the law, as far as it goes; courts considering Title VII matters have uniformly held that "claims which may be classified as arising from 'continuing discrimination' [are] not subject to strict limitation under the Title VII filing requirements. [citations omitted]." Cisson v. Lockheed-Georgia Co., *supra*. This well-recognized principle does not apply in every case, however; an overbroad application of the continuing discrimination principle would effectively eliminate any period of limitations for Title VII actions in controvention of congressional intent and in possible derogation of the conciliatory purposes fostered by requiring EEOC negotiation of employment discrimination complaints. *See id.* On the other hand, where there is ample evidence available that past discriminatory policies have been perpetuated and affect employment decisions within 180 days of the filing of an EEOC complaint, the discrimination may be deemed continuing, insofar as filing a timely EEOC complaint is concerned

■ The concept of continuing discrimination is particularly applicable in cases involving discriminatory failure to hire or rehire; for in such circumstances, "it would seem to be a needless, futile gesture to require [the] plaintiff to make a formal reapplication for the desired position, simply because the EEOC complaint was not filed within 180 or 210 (or 90 under prior law) days of the initial application." Cisson v. Lockheed-Georgia Co., *supra*. Conversely, a prior discriminatory act, the existence of a prior discriminatory policy, or the insertion of the word "continuing" in an EEOC complaint, without more, does not raise a per se claim of continuing discrimination. *Id. See* Griffin v. Pacific Maritime Assoc., 478 F.2d 1118 (9th Cir. 1973); Moore v. Sunbeam Corp., 459 F.2d 811 (7th Cir. 1972); Loo v. Gerage, 374 F.Supp. 1338 (D.Hawaii 1974). In order for past acts to give rise to present claims, they must be continuing in the sense that they have a present impact on defendant's employment practices. It is the present, continuing, adverse effects flowing from the prior policies and practices that give rise to an action for violation of Title VII,[1] and not the prior acts themselves.[2] As noted above, the mere fact that the prior no-marriage and no-divorce poli-

---

1. The continuing discrimination concept also presents the question of what constitutes a "present, continuing, adverse effect" of a prior discriminatory policy. One court has held that loss of seniority and pay as a result of a prior discriminatory discharge does not give rise to a present claim founded upon the prior discharge. Griffin v. Pacific Maritime Assoc., *supra*. This is an unsettled issue which may more properly be resolved by a trial of the merits of plaintiff's claims.

2. In order to be entitled to relief under Title VII, plaintiff must allege and prove that either an overt act of discrimination or a continuing pattern and practice of discrimination occurred within 180 days of the filing of her EEOC complaint. To the same extent that a present, overt act of discrimination is not the sine qua non of recovery, or of a finding that the EEOC complaint was timely, the existence of a prior discriminatory policy and prior overt acts of discrimination does not constitute a separate basis for awarding Title VII relief.

cies were abandoned, standing alone, is not sufficient to warrant a finding that the prior policies did not have a present, adverse effect on plaintiff's entitlement to employment in 1972 and 1973. Conversely, the prior practices, standing alone, do not constitute presumptive proof that plaintiff was discriminated against in 1972 and 1973. In any event, defendant's former policies and discriminatory acts, do not in and of themselves give rise to an action for violation of Title VII.

▪ As a final matter, relying on Ross v. General Motors Corp., *supra,* and other cases regarding the applicable period of limitations for Title VII actions, plaintiff also contends that she is entitled to recovery, in terms of reinstatement, because the period of limitations in Georgia for Title VII actions is twenty years. *See generally* Franks v. Bowman Transportation Co., 495 F.2d 398, 405–06 (5th Cir. 1974); United States v. Georgia Power Co., 474 F.2d 906, 922–25 (5th Cir. 1973). This contention is not correct. In *Georgia Power Co.* and in *Franks,* the Court of Appeals held that the period of limitations provided by Ga. Code § 3–704 governed the portion of those suits regarding recovery of back pay. These rulings were based in part on "special limitations considerations [applicable] to that aspect of [a] Title VII action which seeks back pay." *Id.* 495 F.2d at 405. The period of limitations for back pay was deemed to be two years.[3] Neither case held that the alternative twenty-year provision in Ga.Code § 3–704 would permit equitable relief under Title VII for violations that occurred as completed acts of discrimina-

tion more than 180 days before the filing of an EEOC complaint. If so, the 180-day requirement contained in 42 U.S.C. § 2000e–5(e) would be meaningless. As discussed above, this court has concluded that a person seeking relief under Title VII must allege and prove either that an overt act of discrimination or that a continuing adverse impact from past discriminatory acts affected his or her employment prospects within 180 days of the filing of an EEOC complaint. If so, the overt act or the present impact of past overt acts would provide a basis for appropriate equitable relief in the form of reinstatement, and appropriate monetary relief in the form of back pay. A person's entitlement to reinstatement is not subject to a specific period of limitations, *cf.* United States v. Georgia Power Co., *supra,* nor is a Title VII claimant automatically entitled to reinstatement as a result of an overt, discriminatory act, simply because that act occurred within twenty years of the filing of an EEOC complaint. The twenty-year period of limitations recognized in the *Franks* and *Ross* cases related to the aspects of those cases founded on violation of 42 U.S.C. § 1981. The instant complaint was not brought pursuant to § 1981; therefore plaintiff may not be reinstated solely as a result of alleged discriminatory acts occurring prior to 180 days before filing the EEOC complaint which forms the basis for this suit.

▪ In sum, absent a timely filed EEOC complaint, plaintiff is not entitled to relief under Title VII for alleged acts of sexual discrimination occurring in 1965, by reason of her termination

---

3. Title VII actually contains its own period of limitations for back pay in actions commenced by private litigants: "Back pay liability shall not accrue from a date more than two years prior to the filing of a charge with the Commission." 42 U.S.C. § 2000e–5(g). Thus, in actions such as this one, which have been initiated pursuant to § 706 of Title VII, an individual's entitlement to back pay is absolutely limited to the period of two years in advance of the EEOC

complaint. As a result, application of Ga. Code § 3–704 in this action is irrelevant, since the two-year period provided by that statute for the recovery of back pay is exactly the same as the period provided by federal law. The portion of the *Franks* case regarding the period of limitations for back pay under Title VII, governs only those cases filed before March, 1972, the effective date of the limitations provision in 42 U.S.C. § 2000e–5(g).

from employment, or from 1965 through 1970, by reason of defendant's failure to rehire her. To the extent that defendant seeks partial summary judgment in its behalf on these issues, its motion is granted. The issues remaining for trial are whether or not plaintiff was discriminated against in 1972 and 1973, as a result of present policies, defendant's formal or informal continuation of prior discriminatory acts and policies, or defendant's retaliation against plaintiff as a result of her initiation of the EEOC complaint forming the basis of this suit. To the extent that defendant seeks summary judgment in its behalf relating to issues involving plaintiff's 1972 and 1973 employment applications, the motion is denied.

It is so ordered.

## ORDER

### On Motion for Reconsideration

In this motion, filed pursuant to Rule 59(e), Fed.R.Civ.P., plaintiff seeks reconsideration of an order entered in this action on March 12, 1975, granting in part and denying in part defendant's motion for partial summary judgment. Plaintiff cites no new case in support of this motion that was not previously considered in ruling on the motion for summary judgment. In the prior order, the court held as follows:

[T]his court has concluded that a person seeking relief under Title VII must allege and prove either that an overt act of discrimination or that a continuing adverse impact from past discriminatory acts affected his or her employment prospects within 180 days of the filing of an EEOC complaint. If so, the overt act or the present impact of past overt acts would provide a basis for appropriate equitable relief in the form of reinstatement, and appropriate monetary relief in the form of back pay. A person's entitlement

to reinstatement is not subject to a specific period of limitations, *cf.* United States v. Georgia Power Co. [474 F.2d 906 (5th Cir. 1973)], nor is a Title VII claimant automatically entitled to reinstatement as a result of an overt, discriminatory act, simply because the act occurred within twenty years of the filing of an EEOC complaint. The twenty-year period of limitations recognized in [Franks v. Bowman Transportation Co., 495 F.2d 398, 405–06 (5th Cir. 1974) and Ross v. General Motors Corp., Civil Action No. 17847 (N.D.Ga. Feb. 4, 1975)] related to the aspects of those cases founded on violation of 42 U.S.C. § 1981. The instant complaint was not brought pursuant to § 1981; therefore plaintiff may not be reinstated solely as a result of alleged discriminatory acts occurring prior to 180 days before filing the EEOC complaint which forms the basis for this suit.

The court agrees with plaintiff's comment in her brief in support of the instant motion that "it is not a settled rule of law that the 180 [day] period for filing with the EEOC is also a statute of limitations . . .", and the prior order did not hold that it was. Conversely, this court rejects plaintiff's assumption that the appropriate period of limitations is therefore the twenty-year period provided by Ga.Code § 3–704. The case relied on by plaintiff, United States v. Georgia Power Co., *supra*, does not compel a contrary result. That case concerned the question of the appropriate period of limitations for back pay relief applicable in a Title VII action instituted by the government pursuant to § 707 of the Act, 42 U.S.C. § 2000e–6. Similarly, the Franks v. Bowman Transportation Co. case was an action commenced by private parties; however, the statute of limitations question insofar as Title VII relief was concerned, once again involved the appropriate period for the recovery of back

**1192**

pay. Neither case held that a private party would be entitled to reinstatement as a direct result of any discriminatory act which might have occurred within twenty years of the filing of the EEOC complaint.

 Review of the relevant authorities has convinced this court that a person's entitlement to relief under Title VII is not subject to a specific period of limitations, as such. Title VII was enacted to provide a viable remedy for discrimination on account of race or sex with respect to job opportunities, pay, and conditions of employment. This statutory scheme is readily available to remedy past acts of discrimination, when those past acts have been perpetuated by continuing, adverse effects, such as the "lock-in" effect of union seniority systems. *See, e. g.,* Rodriguez v. East Texas Motor Freight, 505 F.2d 40 (5th Cir. 1974); Franks v. Bowman Transportation Co., *supra;* Sagers v. Yellow Freight Systems, Inc., 388 F.Supp. 507 (N.D.Ga.1974). On the other hand, past discriminatory acts, in and of themselves, do not give rise to a *per se* claim of continuing discrimination. See Cisson v. Lockheed-Georgia Co., 392 F. Supp. 1176 (N.D.Ga., 1975). If this court were to adopt plaintiff's reasoning, Title VII would enable any minority group member in Georgia, allegedly discriminated against within the past twenty years, to seek direct relief in terms of reinstatement irrespective of his or her present qualifications for the particular job. Similarly, minority group members, who had been previously discriminated against, would arguably be able to shop around for another job, and hopefully a better one, secure in the knowledge that they could compel their employer to reinstate them at any time within the twenty-year period.[1] Title VII was not designed to be given this sort of pervasive effect. The 180-day requirement contained in 42 U.S.C. § 2000e–5(e), and the cases interpreting this requirement indicate that the primary goal of Title VII is to eliminate present discriminatory treatment, with a corollary purpose to eliminate present vestiges of past discriminatory treatment.

In reaching the conclusions expressed in the March 12, 1975 order, this court was well aware that the question of whether the requirement for filing a timely EEOC complaint is a jurisdictional prerequisite to suit has not yet been definitively ruled upon by the Court of Appeals for the Fifth Circuit. Cisson v. Lockheed-Georgia Co., *supra* at note 3. *See* Guerra v. Manchester Terminal Corp., 498 F.2d 641, 647 n. 6 (5th Cir. 1974). On the other hand, in this district, as well as in other jurisdictions, the vast weight of authority supports the proposition that the 180-day filing requirement is jurisdictional. *E. g.,* Pacific Maritime Assoc. v. Quinn, 491 F.2d 1294 (9th Cir. 1974); Macklin v. Spector Freight Systems, Inc., 156 U.S.App. D.C. 69, 478 F.2d 979 (1973); Moore v. Sunbeam Corp., 459 F.2d 811 (7th Cir. 1972); Cisson v. Lockheed-Georgia Co., *supra;* Ross v. General Motors Corp., *supra;* Loo v. Gerage, 374 F.Supp. 1338 (D.Hawaii 1974); Georgia Power Co. v. EEOC, 295 F.Supp. 950 (N.D.Ga.1968), aff'd, 412 F.2d 462 (5th Cir. 1969). Thus the question becomes how to satisfy the 180-day requirement?[2] In the

---

1. Of course, under this hypothetical scenario, it is quite likely that the putative Title VII plaintiff would be barred from seeking relief under principles of laches. *See* Franks v. Bowman Transportation Co., *supra.*

2. In Cisson v. Lockheed-Georgia Co., *supra,* this court held that a layoff or discharge does not give rise to a *per se* claim of continuing discrimination, and that insertion of the word "continuing" in the EEOC complaint did not satisfy the timeliness requirement of 42 U.S.C. § 2000e–5(e).

prior order, this court ruled that plaintiff could satisfy this requirement by proving that "either an overt act of discrimination or a continuing pattern and practice of discrimination occurred within 180 days of the filing of her EEOC complaint." Stroud v. Delta Air Lines, Inc. at note 2. Plaintiff has alleged that defendant's failure to reinstate her in 1972, within 180 days of her EEOC complaint, is such an act.[3] If she can show that defendant's reinstatement decisions in 1972 and 1973 were based upon a continuing discriminatory animous flowing from the prior policies, or if she can show that these decisions were otherwise discriminatory, possibly in retaliation for her seeking a Title VII remedy, she would be entitled to recover. This determination will likely depend on the facts adduced at trial. Alternatively, but unlikely, plaintiff may convince this court that defendant owes all stewardesses previously terminated under the no-marriage and no-divorce policies a legal obligation to reinstate them, irrespective of their present qualifications for the job. This issue is a legal question not yet presented in this action; however, if this court were to rule in favor of plaintiff on this potential legal issue, she would be entitled to reinstatement (and possibly back pay), as a direct result of defendant's breach of a duty to reinstate, and *not* as a direct result of the prior discriminatory policies.

Accordingly, as plaintiff has not shown any factual or legal basis for amending the prior order entered in this action, plaintiff's motion for reconsideration is DENIED.

It is so ordered.

3. Plaintiff also contends that defendant recently implemented a policy of reinstating stewardesses previously terminated as a result of the no-marriage and no-divorce rules, and that she would be eligible for reinstatement under that policy. She alleges that she applied for reinstatement under this policy in 1973, after initiation of the EEOC complaint forming the basis for this suit, and that she was not reinstated in retaliation for her efforts to seek relief from the EEOC. This allegation was not encompassed by the prior motion for partial summary judgment.