Cleta McGuen WALLACE, Individually and ex rel. all others similarly situated,

v.

INTERNATIONAL PAPER COMPANY and United Paper Workers International, Local 554.

Civ. A. No. 761266.

United States District Court, W. D. Louisiana, Shreveport Division.

Jan. 24, 1977.

On Motion To Dismiss Defendant Feb. 18, 1977.

Richard A. Thompson, New Orleans, La., for plaintiff.

Horace A. Thompson, III, Robert K. McCalla, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for defendants International Paper Co.

Pamela D. Walker, Youngdahl, Larrison & Agee, Little Rock, Ark., for Labor Union.

### RULING ON MOTION

DAWKINS, Senior District Judge.

Presently at issue here is a motion filed by United Paper Workers International, Local 554, on December 16, 1976, to dismiss all or part of plaintiff's claims. Defendant argues that plaintiff's claims were filed untimely since they were not lodged within one hundred eighty days after the alleged acts of discrimination, in accordance with 42 U.S.C. § 2000e–5(e).[1]

Plaintiff, the alleged class representative, claims that she and other women similarly situated were subjected to harassment, discrimination, unequal treatment, and in her case, demotion, which eventually forced her to resign from work on March 15, 1971.

---

1. 42 U.S.C. § 2000e–5:

"(e) A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal pro-

She filed a complaint with the Equal Employment Opportunity Commission (EEOC) on September 26, 1972. On September 2, 1976, plaintiff was notified of her right to sue. She filed suit here on November 29, 1976, within ninety days of notice of her right to sue.

On December 16, 1976, defendant filed a motion to dismiss for plaintiff's failing to file a charge with EEOC within one hundred eighty days after the last alleged act of discrimination. Ms. Wallace, fearing dismissal of her individual claim and representation for the purported class, was allowed to amend her complaint on January 3, 1977, to reflect that she had reapplied for work with defendant and was rejected on September 3, 1972. She alleged that discrimination against others as well as herself had been on-going, a continuing process even after she had resigned.

We will hear Ms. Wallace's claim that an act of discrimination was committed against her on September 3, 1972, by not rehiring her, and we will allow evidence of alleged prior discriminatory acts to show possible motive for defendants to discriminate; but we will not permit plaintiff to sue for acts which allegedly occurred more than 180 days prior to September 26, 1972, the date Ms. Wallace filed a charge with EEOC. Claims for those earlier alleged acts became stale by a long period of inaction, and we will not allow plaintiff to breathe new life into them merely by reapplying for work as an afterthought.

Congress had a definite purpose in mind in placing a one hundred eighty day limitation upon claims to be filed with EEOC. Plaintiffs were given adequate time to file charges; but employers were not required to defend stale claims covered with gathering dust and put to rest by plaintiffs' own inaction.

It is still uncertain whether or not the one hundred eighty day limitation is a strict jurisdictional prerequisite, but the law is fairly clear in the Fifth Circuit. Though the one hundred eighty day limit is not a jurisdictional prerequisite,[2] it is likened to a statute of limitations[3] and thus claims can be waived by the claimant due to unjustified delay in filing them. Such unjustified delay exists here; hence plaintiff will not be allowed to revitalize her untimely claims.

Plaintiff argues that there was "continuing discrimination" against her after she resigned, as evidenced by defendant's refusal to rehire her. Had plaintiff's application to be rehired been filed promptly after her resignation, her argument of "continuing discrimination" would be more persuasive. However, her effort to reapply one and one-half years (552 days) after resigning does not show a pattern of discrimination sufficiently strong for us to entertain her claims of prior acts of discrimination under the exception to the one hundred eighty day requirement known as the "continuing wrong doctrine."

The "continuing wrong doctrine" has been recognized by the United States Supreme Court, many Courts of Appeals, and many District Courts. It allows a plaintiff to file with EEOC charges which originated more than one hundred eighty days prior to filing. In almost every case in which the doctrine was applied, plaintiff-employees were still working for the company at the time of filing, and it was just the origination of the alleged, on-going acts which extended back beyond the one hundred eighty days.

The Courts have required that the wrong continue to within at least one hundred eighty days of filing with EEOC. A subtle

ceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earli-

er, and a copy of such charge shall be filed by the Commission with the State or local agency."

2. *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924 (5th Cir., 1975).

3. *East v. Romine, Inc.,* 518 F.2d 332 (5th Cir., 1975).

distinction between "layoff" and discharge has been made by some Courts further to refine the doctrine. In a layoff situation, it has been held, there is more of a chance of the employee returning to work, so there is more of a chance of finding "continuing wrong." In a discharge situation, normally the employee's relationship with the company is completely terminated. The layoff-discharge distinction possibly is made to consider equities in particular situations.

Both the equities and the clear import of 42 U.S.C. § 2000e–5(e), *supra,* rest with defendant here. Plaintiff's resigning is similar to the discharge distinction mentioned above, because both plaintiff and defendant expected to terminate their relationship finally, neither had a valid reason to expect a continuing or on-going effect to result from her resignation.

The thrust of the "continuing wrong doctrine," the issue upon which defendant's motion hinges, has been set out above. Recent decisions listed *infra* are helpful in understanding it. *McDonnell Douglas Corporation v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *King v. Seaboard Coastline Railroad Co.,* 538 F.2d 581 (4th Cir., 1976); *Egelston v. State University College at Geneseo,* 535 F.2d 752 (2d Cir., 1976); *Sagers v. Yellow Freight System, Inc.,* 529 F.2d 721 (5th Cir., 1976), affirming *Sagers v. Yellow Freight System, Inc.,* 388 F.Supp. 507 (1973) and 388 F.Supp. 528 (1974); *Rich v. Martin Marietta Corp.,* 522 F.2d 333 (10th Cir., 1975); *Belt v. Johnson Motor Lines, Inc.,* 458 F.2d 443 (5th Cir., 1972); *Hines v. Olinkraft, Inc.,* 413 F.Supp. 1360 (W.D.La., 1976); *Stansell v. Sherwin-Williams Co.,* 404 F.Supp. 696 (N.D.Ga., 1975); *Stroud v. Delta Air Lines, Inc.,* 392 F.Supp. 1184 (N.D.Ga., 1975); *Cisson v. Lockheed-Georgia Co.,* 392 F.Supp. 1176 (N.D.Ga., 1975); *Mixson v. Southern Bell Telephone & Telegraph Co.,* 334 F.Supp. 525 (N.D.Ga., 1971). Compare, *Macklin v. Spector Freight Systems, Inc.,* 156 U.S.App.D.C. 69, 478 F.2d 979 (1973); *Molybdenum Corporation of America v. EEOC,* 457 F.2d 935 (10th Cir., 1972); *Bartmess v. Drewrys U.S.A., Inc.,* 444 F.2d 1186 (7th Cir., 1971), cert. denied 404 U.S. 939, 92 S.Ct. 274, 30 L.Ed.2d 252 (1971); *Cox v. U. S. Gypsum Co.,* 409 F.2d 289 (7th Cir., 1969).

Thus, we will hear only plaintiff's claim of discrimination in refusing to rehire her on September 3, 1972; all other claims hereby are dismissed.

## ON MOTION TO DISMISS DEFENDANT

In this matter, we now have before us a motion filed on February 1, 1977, to dismiss a defendant, United Paper Workers International Union, Local No. 554. That defendant argues that the claim against the Local Union should be dismissed because of plaintiff's failure to file charges against it with E.E.O.C. Plaintiff did name International Paper Company in her complaint before E.E.O.C. but she did not name the Union.

The Fifth Circuit has noticed the importance of the issue presented here but has not ruled squarely on this point. In *Guerra v. Manchester Terminal Corp.,* 498 F.2d 641, 647 (5th Cir., 1974), rehearing denied, 305 F.2d 567 (1974), the Court, in a footnote, concerning matters not before it, and by way of *dicta,* said:

"[fn] 6. Appellants have raised several procedural objections to the district court's treatment of Guerra's claim under Title VII of the 1964 Act. They argue first that the court should not have assumed jurisdiction over the International because the International was not named in either the complaint letter or the formal charge filed with the EEOC. They also contend that the district court erred in not holding that Guerra's Title VII cause of action was barred by his failure to file his complaint with the EEOC within ninety days of the alleged unlawful employment practice as required by the statute. (In 1972 Congress extended the ninety day period to 180 days. 42 U.S.C. § 2000e–5(e) (1974), amending 42 U.S.C. § 2000e–5(d) (1970). This extension of time is, of course, of no use to Guerra, since it was explicitly made applicable to charges pending on March 24, 1972, and all charges filed thereafter.)

"We recognize that appellants have raised two important jurisdictional questions that have as yet received no definitive answer from this Court. Title VII requires that an individual who seeks to bring suit pursuant to the statute must first have filed charges with the EEOC. 42 U.S.C. § 2000e–5(e), (1970) as amended. 42 U.S.C. § 2000e–5(f)(1) (1972). Interpreting this requirement, several Circuits have held that liability can not be imposed on a party not charged before the EEOC. *Williams v. General Foods Corp.,* 7 Cir. 1974, 492 F.2d 399, 404–405; *LeBeau v. Libbey-Owens-Ford Co.,* 7 Cir. 1973, 484 F.2d 798; *Bowe v. Colgate-Palmolive Co.,* 7 Cir. 1969, 416 F.2d 711, 719; *Mickel v. South Carolina State Employment Service,* 4 Cir. 1967, 377 F.2d 239, 241, cert. denied, 389 U.S. 877, 88 S.Ct. 177, 19 L.Ed.2d 166. At least one court, however, has suggested that the rule might be less than absolute, *Macklin v. Spector Freight Systems, Inc.,* 1973, 156 U.S.App.D.C. 69, 478 F.2d 979, 993 n. 25; *accord, Taylor v. Armco Steel Corp.,* S.D. Tex.1973, 373 F.Supp. 885, 911, 912.

"As to the second question, we have previously had occasion to question whether the time limit for filing a complaint with the EEOC is truly jurisdictional, or whether once the EEOC has accepted and proceeded with a complaint, the question of timeliness of the charge should be foreclosed to later court challenge. *Boudreaux v. Baton Rouge Marine Contracting Co.,* 5 Cir. 1971, 437 F.2d 1011, 1014 n. 6. *But see Georgia Power Co. v. EEOC,* 5 Cir. 1969, 412 F.2d 462; *Weeks v. Southern Bell Tel. & Tel. Co.,* 5 Cir. 1969, 408 F.2d 228, 230–231. Moreover, Guerra argues that the district court correctly held that the filing of the charge with the NLRB tolled the running of the ninety day time limit. 350 F.Supp. at 532; *cf. Culpepper v. Reynolds Metals Co.,* 5 Cir. 1970, 421 F.2d 888.

*"Answers to these two questions, however, will have to await another day. Since the district court was correct in holding that Guerra was outside the coverage of the 1964 Act, those other Title VII issues are not properly before us."* [1] (Emphasis added.)

Since *Guerra,* the Fifth Circuit now has answered one of the issues raised in that case, namely, whether the ninety-day limit for filing suit, allowed such claimants, after receiving the "Right to Sue" letter, is jurisdictional. In *Pacheco v. Phelps Dodge Refining Corporation,* 531 F.2d 709 (5th Cir., 1976), that Court ruled that the ninety-day limitation indeed is jurisdictional.

In *Sabala v. Western Gillette, Inc.,* 516 F.2d 1251, 1254 (5th Cir., 1975), the Court said:

"Title VII requires that charging parties exhaust their administrative remedies before they sue in federal court. Although their right to sue is not conditioned on the EEOC's finding of reasonable cause to believe that discrimination has occurred, they may not circumvent the agency's processes. '[I]f charges of employment discrimination have not been filed against the unions, the appellants' right to file suit has not ripened.' *Miller v. International Paper Company,* 5 Cir. 1969, 408 F.2d 283, 291."

In an appeal decided before *Guerra, Beverly v. Lone Star Lead Construction Corporation,* 437 F.2d 1136, 1139–40 (5th Cir., 1971), the Court said:

1. *See, Hardy v. Bucyrus-Erie Co.,* 398 F.Supp. 64 (E.D.Wis.1975), for a recent pronouncement agreeing with the Seventh Circuit cases cited in *Guerra, supra.*

On the other hand, *Byron v. University of Florida,* 403 F.Supp. 49 (N.D.Fla., 1975), favored joining a defendant not named in the EEOC complaint, but noted that the Fifth Circuit had not decided this issue.

The Sixth Circuit has ruled that unions can be joined as indispensable parties even though not cited in the EEOC complaint ". . . for the purpose of interpreting the collective bargaining agreements." *Equal Employment Opportunity Commission v. McLean Trucking Company,* 525 F.2d 1007, 1010, 1012 (6th Cir., 1975).

The District of Columbia Court of Appeals held unions not named in the EEOC complaint, but having actual notice, could be joined in a Title VII complaint. *Evans v. Sheraton Park Hotel,* 503 F.2d 177 (D.C.C.A., 1974).

"We conclude, therefore, that the administrative remedies available from the EEOC must be 'exhausted' in the traditional sense of the term, as a prerequisite to federal suit. *Mondy v. Crown Zellerbach* states our position well:

"We feel that this problem is properly treated as one of exhaustion of administrative remedies. These plaintiffs have decided to proceed under Title VII of the Civil Rights Act of 1964, and therefore must do everything in their power to achieve their goals through the E.E.O.C. before going to court. But 42 U.S.C.A. § 2000e–5(e) sets out only two requirements for an aggrieved party before he can sue * * * There is nothing more that a person can do, and this Court will not ask that he be responsible for the Commission's failure to conciliate, as that body's inaction is beyond the control of the charging party. To bar a party from bringing suit because the E.E.O.C. has shirked its statutory responsibility would indeed be to provide a hollow remedy and to inflict an undeserved penalty upon an innocent person.

"To this end, the tenor of the cases has established only two jurisdictional prerequisites to suit in federal court under Title VII: (1) the filing of a complaint with the EEOC and (2) the receipt of the statutory notice of right to sue.[16]

"[16] *Flowers v. Local No. 6*, 431 F.2d 205 (7th Cir., August 12, 1970); *Fekete v. United States Steel Corp.*, 424 F.2d 331 (3d Cir. 1970); *Miller v. International Paper Co.*, 408 F.2d 283 (5th

**2.** An exception is *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924 (5th Cir., 1975), holding that the 180-day limitation for filing a complaint with the E.E.O.C. is not a jurisdictional prerequisite.

**3.** See, also, the following *dicta* from *Guerra, supra*, at 498 F.2d 652:

". . . A party not named is in a different position: such a party may very much need the protection supplied by a period of limitations against stale claims, fading memories, disappearing evidence, and lack of notice. . . .[23]

"[23] It may be that in the case at bar the International actually suffered no real preju-

Cir. 1969); *Choate v. Caterpillar Tractor Co.*, 402 F.2d 357 (7th Cir. 1968)."

It is clear, therefore, that the thrust of recent Fifth Circuit decisions is that claimants seeking recovery under Title VII *must* follow the procedures that title requires.[2] (See also *Mills et al. v. International Paper Company*, Civil Action No. 760898, Western District of Louisiana, Shreveport Division, ruling upon a motion, October 28, 1976.)

Plaintiff first must file a complaint with E.E.O.C. naming prospective defendants. Defendants must be allowed an opportunity to be heard at the administrative stage, the crucial conciliation process, because it sets the framework for a possible settlement or trial if the parties cannot agree.

Congress enacted Title VII to provide, for potential plaintiffs whose employment rights allegedly have been violated, an effective procedure for hearing claims and providing remedies, sometimes drastic and far-reaching. The conciliation process is one of the unique and key features which helps make Title VII fair to both plaintiffs and defendants.

To allow plaintiff here to join the Local Union as a defendant, some four years after she filed her complaint with E.E.O.C. and after she received her right to sue letter, would circumvent the conciliation process and evade the spirit of Title VII.[3] Therefore, we grant the Union's motion to dismiss.

dice from the delay, since its defense to Guerra's charge was the same as that presented by the Local. Nonetheless, that the two appellants in this case have proceeded arm-in-arm does not lessen the force of our argument; we can certainly imagine situations in which even close brothers might fall out over who is to bear the monetary brunt of responsibility for certain actions, where early notice to one alleged wrongdoer would severely handicap the ability of the other to present his theory of the case."

There the Court was dealing with an action under 42 U.S.C. § 1981, *not* under Title VII.

The Union's counsel is instructed to file a written judgment, in accordance with this ruling, within ten days.