Adeline L. COX et al., Plaintiff-Appellant,

v.

UNITED STATES GYPSUM COMPANY
and International Brotherhood of Teamsters, Local 142, Defendants-Appellees.

No. 16937.

United States Court of Appeals
Seventh Circuit.

April 9, 1969.

Rehearing Denied May 16, 1969.

John E. Leeney, Hammond, Ind., for appellant.

Harold D. Burgess, Charles B. Mahin, John A. Jeffries, Marvin Gittler, Benjamin L. Jacobson, Lester Asher, for appellees, Spray, Price, Hough & Cushman, Chicago, Ill., of counsel.

Before DUFFY and HASTINGS, Senior Circuit Judges, and FAIRCHILD, Circuit Judge.

FAIRCHILD, Circuit Judge.

Seven women brought this action against their employer, United States Gypsum Company, and their union, claiming discrimination on account of their sex in terminating their employment. The action was brought under sec. 706 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, relating to enforcement of the equal employment opportunities provisions of the act.

The district court dismissed the complaint, barring three plaintiffs, but not the others, from future action against the employer. Plaintiffs appealed, but have not argued that there was error in the judgment in favor of the union. That portion of the judgment will accordingly be affirmed.

Judge Beamer stated the facts and ably discussed the issues in a reported opinion.[1] We shall state our conclusions on the issues raised here, without unnecessary repetition of Judge Beamer's opinion.

### I.

#### *Sufficiency and timeliness of charges filed with the commission.*

■ Plaintiffs Handlon and Gajewski filed charges with the commission within ninety days after the layoff which they claim was unlawful by reason of discrimination. These were clearly timely and sufficient.

Although the complaint in the action refers only to unlawful termination of employment and was not formally amended, it became clear that the five plaintiffs who were laid off more than ninety days before they filed their charges with the commission claim that there were further acts of discrimination against them down to the date of filing charges in that men with less seniority were recalled and new men were hired to fill jobs which plaintiffs were qualified to perform.

■ Plaintiffs Messock and Dobos were laid off more than ninety days before filing charges, but their charges explicitly claimed, in addition to the discriminatory layoff, recent hiring of new help. The district court concluded these charges sufficiently suggested discriminatory recalls. We agree.

■ Plaintiffs Murga, Burk, and Cox were laid off more than ninety days before they filed charges, and they made no explicit reference to recent recalls or new hiring. Item 7 of the commission's printed "Charge of Discrimination" form calls on the complainant to "Explain what unfair thing was done to you". These three plaintiffs, it is true, referred only to the layoff in response to this item. Item 6 calls for "The most recent date on which this discrimination took place". Here each of these three inserted the date of the layoffs, more than ninety days beore filing, but also inserted the word "continuing".

The district court evidently construed these charges as claiming only that the layoff was discriminatory, and held the charges not timely. He pointed out that the commission has taken the position that a layoff is not a continuing act. Had these charges stood alone, and had the commission rejected them as untimely, insertion of the word "continuing" may perhaps not have saved them. But under the circumstances of this case and in the light of the purposes of the act, we think these charges should be deemed a sufficient foundation for an action based on discriminatory failure to recall these plaintiffs.

In so concluding we consider the following facts: (1) A layoff, as distinguished from discharge or quitting, suggests a possibility of re-employment. (2) A layman's claim of "continuing" discrimination, after a discriminatory layoff, readily suggests that he claims there has been subsequent recall or new hiring which discriminates against him. (3) The record shows that the company had bound itself, by its collective bar-

---

1. Cox v. United States Gypsum Company (N.D.Ind.1968), 284 F.Supp. 74.

gaining agreement, to consider seniority in making a recall, and the agreement provides that an employee does not lose seniority by reason of layoff until one year has expired. (4) The commission chose to accept these charges as timely. (5) The company received notices of other charges of similar current discrimination at or about the same time.

This court has previously, albeit with respect to a different requirement, indicated that the commission's decision to process a charge is important in determining whether the charge is adequate.[2]

## II.

### *Prematurity.*

■ The commission attempted conciliation, but the company and the plaintiffs did not reach agreement. We are in accord with the conclusion of the district court, for the reasons stated, that the act "does not prevent a private suit because an employer agrees to a proposal totally unacceptable to the charging party." [3]

This action was commenced more than sixty days after filing of the charges. 42 U.S.C. § 2000e–5(e), gives the commission sixty days in which to secure voluntary compliance.[4] The commission had given no notice to plaintiffs, under (e), that it had been unable to obtain voluntary compliance, but plaintiffs had rejected the offer of the company before bringing their action.

Plaintiffs argue that their own rejection of the company's offer, after the expiration of the sixty days, established the commission's inability to obtain voluntary compliance, and notice to plaintiffs thereof, so that the thirty day period within which (e) allows commencement of action had begun.

■ We agree with the conclusion reached by the district court, rejecting this theory. Although plaintiffs were in a position immediately to demand and obtain notice from the commission, so that notice may be no more than a formality under the circumstances of this case, we think it is an important formality. Congress has limited the period within which an action may be begun to thirty days. The shortness of the period makes it all the more important that the time from which it runs be definitely determinable. An official act, such as notification by the commission, is less open to question than an act of a party which he may or may not intend to be final. If an employee's refusal of his employer's offer constitutes the statutory notice, then, arguably, the employer's rejection of a proposal, if communicated to the employee, would also qualify. And the employee could not, having rejected the employer's offer, make a counter offer without risk that it would not be accepted and his thirty days would run out.

That part of the judgment which deals with the complaint against United States Gypsum Company is modified so that it is not a judgment upon the merits

---

2. Choate v. Caterpillar Tractor Company (7th Cir. 1968), 402 F.2d 357, 360.

3. See footnote 1, at p. 84.

4. Subsection (e) actually specifies thirty days, but authorizes the commission to extend the period to not more than sixty days. Even sixty days appear to be insufficient in many cases for the commission to investigate and then bring about an agreement between the parties. A realistic construction of the statute has evolved: (1) The commission is not required to give notice of inability to obtain voluntary compliance immediately upon expiration of sixty days. (2) After the expiration of sixty days and until agreement has been reached, the charging party may demand and obtain issuance of the notice, whether or not the commission has made any effort at conciliation. (3) Until such demand, the commission may carry on efforts to obtain an agreement and may delay giving the notice of inability as long as it sees fit. See Choate v. Caterpillar Tractor Company, *supra*, footnote 2, page 361; and Johnson v. Seaboard Air Line Railroad Company (4th Cir. 1968), 405 F.2d 645, 652; and the commission's rule, 29 C.F.R. Sec. 1601.25a(b).

against any plaintiff and so that as to every plaintiff it dismisses the complaint against United States Gypsum Company without prejudice to commencement of a timely action. As so modified the judgment is affirmed.