Laurie Vagnini **KINNAN**,
Plaintiff,

v.

**CENTRAL TELEPHONE & TELEGRAPH CO.**, Defendant.

**Civ. A. No. 75–18(C).**

United States District Court,
W. D. Virginia,
Charlottesville Division.
July 21, 1975.

Ronald R. Tweel, Charlottesville, Va., for plaintiff.

Michael & Dent, Charlottesville, Va., for defendant.

## OPINION AND JUDGMENT

DALTON, District Judge.

Laurie Vagnini Kinnan has brought this action under Title VII of the Civil Rights Act of 1964 (Act), 42 U.S.C. § 2000e *et seq.*, against the Central Telephone and Telegraph Company (Central) for unlawful sexual discrimination in connection with her employment. She alleges that Central's policy requiring female employees to take six months maternity leave beginning no later than the fifth month of pregnancy is unlawful. She seeks compensatory and punitive damages and reasonable attorney's fees.

Central has filed a motion to dismiss because of plaintiff's failure to timely file her charges with the United States Equal Employment Opportunities Commission (EEOC).

The procedural history of plaintiff's attack on Central's maternity leave policy has been tortuous.

In March, 1971, plaintiff, then employed by Central, became pregnant. Central informed her that under company policy, she was required to take a leave of absence. Under protest, she discontinued working on July 22, 1971. She alleges in this action that but for Central's mandatory leave policy, she would have worked until November 1, 1971 and would have returned to work on January 1, 1972. Plaintiff to date has not returned to work at Central.[1]

On September 1, 1971, Central terminated the maternity leave policy plaintiff attacks in this suit.[2]

On March 14, 1972, plaintiff filed suit in the Corporation Court for the City of Charlottesville. On September 20, 1974, that court dismissed her action for lack of jurisdiction.

On June 10, 1973, she filed an administrative complaint with EEOC. Unable to reconcile the parties, EEOC sent plaintiff a "right to sue" letter dated January 20, 1975, advising her of her right to institute a civil action in this court within ninety (90) days.

On April 21, 1975, she filed this action.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, prescribes special procedures for prosecuting a charge of unlawful discrimination. In general, Title VII requires a "person aggrieved" to file his charge of unlawful discrimination with EEOC within 180 days of the alleged wrongful conduct. 42 U.S.C. § 2000e–5(e).[3] Where the alleged Title VII violation is one continuing in nature, however, such as a testing policy or a "pattern or practice" of discrimination, courts have held that failure to file charges with EEOC within the prescribed filing period will not bar a subsequent suit in federal court unless the charge was not filed within the prescribed period after the employer terminated the challenged practice. *Bartmess v. Drewrys U.S.A., Inc.*, 444 F.2d 1186 (7th Cir. 1971), *cert. denied* 404 U.S.

---

1. This fact was orally represented by counsel.

2. This fact was orally represented by counsel.

3. At the time Central required plaintiff to leave work, the Act required a charge to be filed within 90 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e–

5(d). The 1972 amendments to the Act extended this filing period to 180 days and redesignated the section 42 U.S.C. § 2000e–5(e). The 180 filing period applies to all charges pending with the EEOC as of March 24, 1972 and all charges filed thereafter. Because plaintiff filed her charge with the EEOC on June 10, 1973, the 180 day filing period applies to her complaint.

939, 92 S.Ct. 274, 30 L.Ed.2d 252; *Cox v. United States Gypsum*, 409 F.2d 289 (7th Cir. 1969); *Tippett v. Liggett & Myers Tobacco Co.*, 316 F.Supp. 292 (M.D.N.C.1970).

In response to Central's motion to dismiss, plaintiff, who admittedly did not file her charge with EEOC within 180 days of the day Central required her to leave work, has proffered three reasons for not granting Central's motion and for allowing this suit to proceed.

First, plaintiff contends that Central's maternity leave policy is a continuing violation of Title VII, and as such, plaintiff's filing of her complaint with EEOC more than 180 days from the date her maternity leave began was nevertheless timely. This court is constrained to disagree.

As of September 1, 1971, Central terminated its challenged maternity leave policy. Even if this court assumes *arguendo* that Central's maternity leave policy was a continuing Title VII violation, plaintiff was required to file her complaint with EEOC within 180 days of September 1, 1971.[4] This she did not do.

Secondly, plaintiff argues that it is proper for this suit to be maintained because her initial suit in Corporation Court for the City of Charlottesville on March 14, 1972 was a complaint filed with a "State or local agency with authority to grant or seek relief" from an unlawful practice under Title VII. This contention is also without merit.

Title VII procedures for prosecuting a complaint defer for a certain period of time to existing state or local agencies authorized to grant relief from discriminatory employment practices. If such an agency exists, a person must file with such an agency (or the EEOC must forward a complaint to such agency) and allow that agency at least 60 days to remedy the complaint. However, a person who has filed with a state agency must in any event file with the EEOC within 300 days[5] of the alleged unlawful practice or within 30 days after receiving notice that the agency has terminated proceedings, whichever is earlier. 42 U.S.C. § 2000e–5(e). Even if this court considered the Corporation Court a state or local agency, plaintiff's EEOC complaint of June 10, 1973 was filed more than 300 days after September 1, 1971, the date Central terminated its policy.

Plaintiff's final contention is that her filing with the EEOC was timely because "she did make a good faith effort for several months to persuade defendant to permit her to work after her fifth month of pregnancy." In support of this contention, plaintiff cites the proposition, adopted by some courts, that the statutory filing period is tolled when the injured person initiates contractual grievance procedures. *See, e. g., Culpeper v. Reynolds Metal Co.*, 421 F.2d 888 (5th Cir. 1970).

Aside from that the plaintiff did not have a contractual grievance procedure to pursue, she did not file her complaint until one year, nine months after Central terminated the challenged policy and nearly two years after she left Central. The court finds no reason to toll the running of the filing period under the facts of this case. The filing periods for filing charges with the EEOC are mandatory and jurisdictional for review in this court. *Phillips v. Columbia Gas of West Virginia, Inc.*, 347 F.Supp. 533 (S.D.W.Va.1972), *aff'd without opinion*, 474 F.2d 1342 (4th Cir. 1973).

For the above reasons, defendant's motion to dismiss is granted and this case is dismissed.

The clerk is directed to send a certified copy of this opinion and judgment to counsel of record.

4. Even if this court were to hold that plaintiff could have filed within 180 days of the six month leave period, her complaint with the EEOC would still have been untimely.

5. The 1972 amendments also enlarged this filing period from 210 days to 300 days.