Daniel CUNEGIN, Plaintiff,

v.

ZAYRE DEPARTMENT STORE, Defendant.

Civ. A. No. 76-C-619.

United States District Court, E. D. Wisconsin.

Sept. 15, 1977.

---

Michael L. Smith, Milwaukee, Wis., for plaintiff.

Stephen Novack, Chicago, Ill., Robert A. Christensen and Robert L. Binder, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The plaintiff Daniel Cunegin commenced this action alleging a racially discriminatory termination of his employment at a Zayre Department Store, in violation of 42 U.S.C. §§ 1981 and 2000e. The defendant has moved for dismissal of the action. For the reasons hereinafter stated, the motion is denied in part and granted in part.

The plaintiff, a black male, was hired on August 5, 1974, to work in the Zayre Department Store in Racine, Wisconsin. Shortly thereafter, a white male was hired to work in the same department as the plaintiff. On January 1, 1975, the plaintiff was informed that he had been laid off as part of an annual cutback. The white employee hired after the plaintiff was not laid off. The plaintiff filed discrimination charges against Zayre Department Store with the Equal Rights Division of the Wisconsin Department of Industry, Labor and Human Relations on December 22, 1975, more than 350 days after he had been informed of his layoff.

Midwest Zayre, Inc., has moved to dismiss the complaint on three grounds: (1) that the plaintiff has incorrectly named the defendant; (2) that the court lacks jurisdiction over the plaintiff's Title VII cause of action; and (3) that the doctrines of res judicata and collateral estoppel bar the plaintiff from bringing his § 1981 cause of action.

The plaintiff named Zayre Department Store, 2210 Rapids Drive, Racine, Wisconsin, as the defendant. The correct defendant is Midwest Zayre, Inc., a Missouri corporation, the owner of the Racine store. Midwest Zayre, Inc., hereinafter "defendant," has moved to dismiss the complaint or for an order requiring the plaintiff to

amend the complaint to correctly identify the defendant.

Although the plaintiff appears to have named the wrong defendant, the correct defendant has received notice of the action and filed a responsive pleading to it. Rule 15(a) of the Federal Rules of Civil Procedure provides in pertinent part that leave to amend a pleading should be freely given by the court when justice so requires. Since the correct defendant has been given adequate notice of the plaintiff's action, justice requires that the plaintiff should be permitted to amend his complaint to name the correct defendant.

The second challenge of the defendant to the plaintiff's action relates to the timeliness of the charges filed with the state commission. Section 2000e–5(e) requires that the charges of discrimination must be filed with the commission within 180 days after the alleged discrimination occurred. The plaintiff admits in his brief, in opposition to the motion to dismiss, that the charge was filed more than 300 days after the layoff, but contends that the layoff constituted a violation of a continuing nature within the meaning of *Cox v. United States Gypsum Company*, 409 F.2d 289 (7th Cir. 1969).

A layoff, by itself, is not a continuing act, *Griffin v. Pacific Maritime Association*, 478 F.2d 1118 (9th Cir. 1973), and *Cox* does not hold that it is. In *Cox*, seven women employees brought an action alleging sex discrimination in the termination of their employment. Two of the plaintiffs filed charges within the appropriate time limit; two filed charges without the appropriate time limit but explicitly claimed discriminatory recalls; and three of the plaintiffs filed charges without the time limit but inserted the word "continuing" on the "charge of discrimination" forms. The issue before the Court was whether the last three plaintiffs had filed timely charges.

The district court in *Cox* held that the charges of the three plaintiffs claimed only a discriminatory layoff, a charge which the commission did not recognize as continuing and, thus, was not timely. The circuit court reversed stating:

" * * * But under the circumstances of this case and in the light of the purposes of the act, we think these charges should be deemed a sufficient foundation for an action based on discriminatory failure to recall these plaintiffs." 409 F.2d at 290.

The circuit court considered five facts in reaching its conclusion: (1) a layoff suggests a possibility of re-employment; (2) a layman's claim of continuing discrimination suggests he claims a subsequent recall of new hiring which discriminates against him; (3) the record indicated the existence of a collective bargaining agreement by which the employer bound himself to recalls on a seniority basis and that seniority was not lost by reason of a layoff until one year after the layoff; (4) the commission had chosen to accept the charges; and (5) the company had received notice of similar current discrimination at or about the same time as the last three plaintiffs filed their charges.

The *Cox* decision does not require this court to hold that the plaintiff alleged a continuing violation. On the contrary, the record demonstrates that the factors found persuasive in *Cox* are not present here. The *Cox* decision held that the particular plaintiffs involved on the appeal had laid a sufficient foundation for an action based on a discriminatory failure to recall. This conclusion was justified, in part, by the claim at the time of filing that the discrimination was continuing, a charge that suggests a claim of subsequent discriminatory recalls or new hirings. The plaintiff in this action did not label his charge continuing or in any other way suggest subsequent discriminatory recalls or new hirings. Rather, the plaintiff's charge clearly focuses on the single instance of the defendant's choice to retain a white employee rather than the plaintiff, even though the plaintiff had been hired first.

Two other factors advanced by *Cox* in justification for its conclusion—the existence of a collective bargaining agreement governing recalls and creating expectations

based on seniority and the other charges filed against the employer giving it adequate notice of the nature of the discrimination claims—are not present here. There is no allegation of the existence of a collective bargaining agreement that created expectations of recall in the plaintiff, nor are there allegations of similar charges which would have placed the defendant on notice of the continuing nature of the violations claimed.

The plaintiff has alleged facts suggesting the existence of the possibility of re-employment and that the commission chose to accept the charges as timely. However, it is clear from the above analysis that the factors considered in *Cox* were not meant to serve as a checklist to be considered by a district court when addressing itself to the problem raised by this motion. Rather, the circuit court in *Cox* employed the objective facts before it to determine the nature of the charges filed with the commission. The five factors considered by the court, when taken as a whole, led it to the conclusion that the charges filed with the commission were not of a discriminatory layoff but of a discriminatory failure to recall. The objective facts before this Court clearly indicate that the gravamen of the plaintiff's charge is his layoff and the retention of the white employee. Thus, the charged discriminatory act occurred on January 6, 1975, and was completed on that date.

■ The requirement for filing a charge within 180 days is a jurisdictional prerequisite to court action. *Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239 (3rd Cir. 1975), cert. denied 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). The plaintiff's failure to timely file a charge with the commission bars him from bringing an action under Title VII.

In addition to his Title VII claim, the plaintiff claims that his termination violates 42 U.S.C. § 1981. The defendant contends that the initial determination made by the Wisconsin agency that there was no probable cause to believe that the defendant discriminated against the plaintiff is res judicata as to the § 1981 claim.

In support of its motion, the defendant cites *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966), wherein the Court stated:

"* * * When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose. * * *"

The Court, in applying this general rule to the case before it, went on to say:

"In the present case the Board was acting in a judicial capacity when it considered the Pier Drilling and Shield Window claims, the factual disputes resolved were clearly relevant to issues properly before it, *and both parties had a full and fair opportunity to argue their version of the facts and an opportunity to seek court review of any adverse findings. * * *"* (Emphasis added.) 384 U.S. at 422, 86 S.Ct. at 1560.

■ It is apparent from the *Utah Construction* case that res judicata principles apply to administrative hearings wherein both parties had an opportunity to be heard, to present evidence, and to have judicial review of adverse findings. It is equally apparent that res judicata principles do not apply to initial determinations of administrative agencies.

■ An initial determination is nothing more than a determination made by an investigator based on interviews and exhibits that there is or is not *probable cause* to believe that a discriminatory act has occurred. There is no finding that a discriminatory act has indeed been committed. There is no hearing at which the parties have an opportunity to present their respective cases until after an initial determination has been made. § 111.36(3)(a), Wis. Stats. (1973). Written findings on disputed facts are not made until after a hearing, § 111.36(3)(b), and judicial review is not available to the parties until there has been an administrative decision directly affecting

the legal rights of the parties. §§ 111.37 and 227.15. To say that an initial determination is res judicata as to the plaintiff would be to ignore the language and intent of *Utah Construction.*

For the foregoing reasons,

IT IS ORDERED that the plaintiff amend his complaint to correctly name the defendant.

IT IS FURTHER ORDERED that the defendant's motion to dismiss the plaintiff's claim under 42 U.S.C. § 2000e is granted.

IT IS FURTHER ORDERED that the defendant's motion to dismiss the plaintiff's claim under 42 U.S.C. § 1981 is denied.