**James L. MANN, Plaintiff,**

v.

**BOARD OF EDUCATION SCHOOL DISTRICT # 149 COOK COUNTY, Illinois, Defendant.**

**No. 80 C 4277.**

United States District Court, N. D. Illinois, E. D.

June 11, 1981.

James L. Mann, pro se.

Mitchell Overgaard, Overgaard, Berghoff & Davis, Chicago, Ill., for defendant.

BUA, District Court.

## ORDER

The matter at bar is a *pro se* action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, by James L. Mann, plaintiff, seeking injunctive and monetary relief against the defendant, Board of Education School District # 149, Cook County, Illinois, for alleged violations of the Act. Before the court is the defendant's motion for summary judgment. Rule 56, Fed.R.Civ.P. . The defendant contends that the plaintiff's failure to initially file his claim with the appropriate state agency, and the Equal Employment Opportunity Commission's failure to defer the claim to the appropriate state agency, deprives this court of subject matter jurisdiction. In addition, defendant contends that the claim was not timely filed.

The plaintiff, a black male, was hired by the defendant School District in 1972. From August, 1972 through June, 1978, the plaintiff was employed as a sixth grade instructor at Waterman Elementary School (Waterman School) in South Holland, Illinois. The student body at Waterman School is predominantly white. On June 16, 1978, the plaintiff was notified by the principal of Waterman School that he would be teaching fourth grade during the 1978–1979 school year. The plaintiff's former position as a sixth grade teacher was allegedly filled by a white female who had less seniority with the School District than the plaintiff.

In March of 1979, the plaintiff filed a complaint with the Department of Health, Education and Welfare, Region V, alleging that he was racially discriminated against by defendant in the following ways. The plaintiff maintains that his reassignment during the 1978–1979 school year to fourth grade, and the reasons given by the defendant School District for this reassignment, were pretexts for discrimination. Additionally, the plaintiff contends that he was continually harassed and criticized by the principal, and various teachers at the Waterman School, and that he viewed this as an effort to force him to resign because of his race.

The Department of Health, Education and Welfare, Office of Civil Rights, sent the plaintiff a letter informing him that his complaint was complete and that it fell within the Department's jurisdiction. This letter also stated that the Department would conduct an investigation of the complaint. On June 6, 1979, the plaintiff was notified that the investigation had revealed that the Office for Civil Rights did not have jurisdiction over the complaint because the plaintiff's employment was not a direct result of federal financial assistance and the alleged discrimination did not have a direct impact on minority students.

The Department referred the plaintiff's charges to the Equal Employment Opportunity Commission (EEOC). In a letter dated October 1, 1979, the EEOC stated that the Commission had jurisdiction to investigate the complaint. The plaintiff informed the EEOC on October 6, 1979 that the Commission had his permission to investigate the matter and a formal charge was filed on December 15, 1979.

Plaintiff alleged in his complaint that the defendant continued to discriminate against him subsequent to the investigation by the Department of Health, Education and Welfare. Specifically, Mr. Mann contended that the principal of Waterman School sent the plaintiff a letter of reprimand after plaintiff failed to attend an evening meeting on May 15, 1979. He alleged that the principal had previously granted him permission not to attend the meeting and that letters of reprimand were not sent to other teachers who did not attend. In addition, he alleged that he was harassed by both teachers and parents, and he further maintained that the principal of Waterman School encouraged and participated in discriminatory harassment by parents of plaintiff's students.

On May 17, 1979, the plaintiff was notified that he was assigned to teach fourth grade at Sandridge School, a predominantly black school, during the 1979–1980 school year. He alleged in his complaint that this transfer was racially motivated. With his answer to defendant's motion for summary judgment, the plaintiff submitted personal memoranda and letters. The letters and memoranda indicate that plaintiff had allegedly requested a transfer back to the Waterman School on March 3, 1980. This request was not answered. In addition, the plaintiff was discharged from his employment on November 30, 1980. The plaintiff contends that all of the defendant's acts or omissions were racially motivated.

■ The defendant initially contends that the plaintiff's failure to file with the Illinois Fair Employment Practices Commission (FEPC) and the EEOC's failure to defer the charge to the FEPC, deprives this court of jurisdiction. In support of the position, the defendant relies upon section 706(c) of Title VII. This section provides:

In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, *no charge may be filed under subsection (b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated....* (emphasis added)

42 U.S.C. § 2000e–5(c).

Ill.Rev.Stat. ch. 48, § 851 *et seq.* (1979) prohibits certain acts of discrimination by employers including the unlawful employment practices alleged by plaintiff. In addition, the Act establishes the FEPC and empowers this agency to grant the relief sought by the plaintiff. The Illinois statute thus prohibits the unlawful employment practices alleged by the plaintiff and establishes a local enforcing agency to grant relief within the mandates of section 706(c). It is not disputed that neither the plaintiff, nor the EEOC, referred the charge to the FEPC.

The defendant's contention that this court lacks subject matter jurisdiction, due to the plaintiff's failure to file with the FEPC, is without merit. In addressing a similar argument, arising in relation to section 14(b) of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 633(b), the United States Supreme Court has held that the appropriate state agency must be given an opportunity to entertain the claim before the federal litigation can continue; however, during this period, the federal suit should be held in abeyance. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 764, 99 S.Ct. 2066, 2075, 60 L.Ed.2d 609. If the state claim is dismissed as untimely, or the state agency is unable to achieve a settlement within sixty days, the plaintiff may then pursue the present litigation.

■ The defendant also contends that the court lacks jurisdiction because the plaintiff's charge of discrimination was filed with the EEOC more than 180 days after the alleged unlawful employment practices occurred. The defendant maintains that the last alleged act of discrimination occurred on May 17, 1979 when the plaintiff was notified of his transfer to Sandridge School. The defendant submitted the affidavit of the Superintendent of Schools to support this contention. In addition, a copy of the EEOC charges dated December 12, 1979, 209 days after notification of the reassignment, was submitted.

The court has reviewed the pleadings, affidavits, and other materials on file, and believes that there exists a material question of fact as to whether the pattern of discrimination alleged continued up to the date of filing the original charge. As stated previously, the plaintiff had apparently requested a transfer back to the Waterman School on March 3, 1980. In addition, the plaintiff taught at the Sandridge School, despite his dissatisfaction with the assignment, through November 30, 1980. Under these circumstances, the court believes that a question of fact exists whether there was a continuing violation of the Act. *Cf. Cox v. U.S. Gypsum Co.*, 409 F.2d 289 (7th Cir. 1969).

In addition, the plaintiff has requested leave to amend his complaint to add a count for the allegedly discriminatory discharge from his employment. The EEOC has issued a right to sue letter concerning this charge on May 8, 1980. The plaintiff is granted leave to amend his complaint.

For the reasons stated, the defendant's motion for summary judgment is denied. The plaintiff is directed to refer his charges of discrimination to the FEPC. This court will retain jurisdiction over the cause until further action by the FEPC.

IT IS SO ORDERED.