**David RUCKER, Plaintiff,**

v.

**WESTERN ELECTRIC COMPANY and Communications Workers of America, Defendants.**

**No. 81–151–Orl–Civ–Y.**

United States District Court, M. D. Florida, Orlando Division.

Sept. 9, 1981.

Julius L. Williams, Orlando, Fla., for plaintiff.

Peter W. Zinober, Tampa, Fla., for defendants.

## ORDER

GEORGE C. YOUNG, Chief Judge.

This cause came before the Court for hearing on the motion of defendant Western Electric for summary judgment. Plaintiff alleges in his complaint, filed February 4, 1981, that Western Electric discriminated against him on the basis of his race by terminating his employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Western Electric's answer and affirmative defenses were filed on April 28, 1981. Subsequently, Western Electric filed its motion for summary judgment presently under consideration by the Court, contending that plaintiff failed to file his charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within the time limits set forth in Section 706(e) of Title VII, 42 U.S.C. § 2000e–5(e).

Plaintiff was discharged by Western Electric on September 27, 1974. On October 7, 1974, he filed a charge of discrimination against Western Electric with the City of Orlando Human Relations Department alleging that he was subjected to menial tasks and ultimately discharged because of his race. By letter dated January 10, 1975, plaintiff was informed by the Human Relations Department of its finding of no reasonable cause to support the charge of discrimination and was offered assistance in filing charges with the EEOC. Plaintiff then filed a charge of discrimination with the EEOC on February 24, 1975,[1] within 180 days from the date of discharge, but beyond the 300/30 day time limit set forth in Sec-

---

1. At the time of the hearing, held on Western Electric's motion, the precise date of filing with the EEOC was unknown due to the failure of the EEOC to locate plaintiff's file. However, subsequent to the hearing plaintiff's EEOC file was located and plaintiff has submitted to the Court a copy of the charge filed by him with the EEOC which reflects a filing date of February 24, 1975.

tion 2000e–5(e) for charges initially instituted in a state or local agency.

■ The law is well settled that timely filing with the EEOC is a condition precedent to the bringing of a civil action under Title VII. *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 460 (5th Cir. 1970); *see also Daugherty v. King's Dept. Stores, Inc.,* 608 F.2d 906, 908 (1st Cir. 1979). Section 2000e–5(e) provides in pertinent part:

> "A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred ... *except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency ... such charge shall be filed ... within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under State or local law, whichever is earlier....*"

(emphasis added).

Western Electric cites several cases in support of its claim that in deferral states the time limit established by the statute is the earlier of 1) 300 days or 2) 30 days after receiving notice of the termination of state proceedings. *See Saulsbury v. Wismer & Becker, Inc.,* 644 F.2d 1251 (9th Cir. 1980); *Vazquez v. Werner Continental, Inc.,* 429 F.Supp. 513, 515 (N.D.Ill.1977); *Kinnam v. Central Telephone & Telegraph Co.,* 401 F.Supp. 1273 (W.D.Va.1975). However, Western Electric has not cited, nor has this Court found, a Title VII case in which the EEOC charge was filed beyond the 300/30 day rule but within 180 days from the date of discharge. Thus, the issue presented herein appears to be one of first impression.

In *Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), the Supreme Court recognized as the *general rule* of Title VII that "a charge under this section shall be filed within 180 days after

the alleged unlawful employment practice occurred," [2] and noted that the obligation of filing a charge within 180 days is the *general* "standard of diligence" required of Title VII plaintiffs.[3] One of the reasons articulated by the Court, after evaluating the legislative history of Title VII, for the establishment of a time limitation for filing a claim with the EEOC, was "a judgment [of some members of Congress] that most genuine claims of discrimination would be promptly asserted and that the costs associated with processing and defending *stale* or *dormant* claims outweigh the federal interest in guaranteeing a remedy to every victim of discrimination." 447 U.S. at 820, 100 S.Ct. at 2494, 65 L.Ed.2d at 545 (emphasis added).

The facts of this case reveal that plaintiff has been diligent in prosecuting his claim against Western Electric. His complaint to the Human Relations Department was filed ten days after his discharge. Upon being notified of the termination of their proceedings, plaintiff filed a claim with the EEOC approximately forty-five days later, but less than one hundred eighty days from the date of discharge. It is clear that, on these facts, Western Electric was not burdened with defending a *stale* or *dormant* claim.

■ Upon consideration of the congressional purpose for establishing the time limitations set forth in Section 2000e–5(e), and in the absence of any authority to the contrary, this Court concludes that the 300/30 day rule set forth in Section 2000e–5(e) was intended to be an extension of, as opposed to an alternative to, the general 180 day rule for filing a claim with the EEOC. Thus, the Court finds that a claim of discrimination filed with the EEOC more than 30 days after receiving notice of the termination of local proceedings but less than 180 days from the act complained of is timely filed. This finding is consistent with the Supreme Court's articulation in *Mohasco, supra,* of the general rule of Section 2000e–5(e) and with the congressional in-

---

**2.** 447 U.S. at 815, 100 S.Ct. at 2491, 65 L.Ed.2d at 541.

**3.** *Id.,* 447 U.S. at 825, 100 S.Ct. at 2496, 65 L.Ed.2d at 547.

tent that claims of discrimination be diligently prosecuted.[4]   Accordingly, it is

ORDERED that the motion of defendant Western Electric for summary judgment be and is hereby denied.

---

4.  The construction of the ambiguous language of Section 2000e–5(e) on the issue presented herein in favor of plaintiff is also consistent with the opinion of the Fifth Circuit in *Sanchez, supra,* wherein the Court noted:

> "Mindful of the remedial and humanitarian underpinnings of Title VII and of the crucial role played by the private litigant in the statutory scheme, courts construing Title VII have been extremely reluctant to allow procedural technicalities to bar claims brought under the Act."

431 F.2d at 460–61 (footnote omitted).   In the present case, although admittedly not relevant to the merits of plaintiff's Title VII claim in this Court, the EEOC found reasonable cause to support plaintiff's claim but informed plaintiff that it was terminating its processing of his claim when, after almost six years from the date of filing, the EEOC was unsuccessful in its attempts to reach a conciliation agreement with Western Electric.