**Charles BUCKNER Plaintiff**

**v.**

**ADCO ELECTRIC COMPANY Defendant**

**No. CIV.A.303CV1055LN.**

United States District Court, S.D. Mississippi, Jackson Division.

Jan. 26, 2004.

---

Isaac K. Byrd, Jr., Precious Tyrone Martin, Byrd & Associates, Ramel L. Cotton, Smith, Rushing, Cotton & Robinson, PLLC, Jackson, MS, for Plaintiff.

William I. Gault, Jr., Kelly, Gault & Healy, LLP, Jackson, MS, for Defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on motion of defendant ADCO Electric, Inc. to enforce settlement and dismiss the complaint of plaintiff Charles Buckner. Plaintiff has responded in opposition. Having considered the memoranda of the parties, the court concludes that defendant's motion should be denied.

On August 29, 2003, Charles Buckner filed suit against his former employer, ADCO Electric, alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e *et. seq.* Plaintiff claims he repeatedly complained about racial slurs that were made by supervisors and others toward him and other African American employees. In May 2002, after witnessing a field supervisor make racial slurs toward one or more African American employees, Buckner reported the conduct, and shortly thereafter, Buckner was terminated. While ADCO maintained his termination was part of a lay-off, plaintiff claims that his termination was in retaliation for his speaking out about the racial slurs, noting that in determining who would be laid off, ADCO sought the input of the supervisor about whom Buckner had complained and this same supervisor ultimately recommended Buckner for termination.

On May 13, 2002, plaintiff, along with fellow employees Fulton Williams and Gerald Washington, filed charges of discrimination with the EEOC, alleging instances of discrimination based on race and racial harassment. On January 20, 2003, upon completion of its investigation, the EEOC dismissed Williams' charges and issued adverse determinations on the charges filed by Buckner and Washington, with respect to which it found sufficient evidence that they were terminated in retaliation for complaining about the use of racial slurs by a white foreman. Following this determination, ADCO and the EEOC entered negotiations in an effort to compromise and settle both Buckner's and Washington's claims. Over the ensuing months, negotiations between the EEOC and ADCO continued, culminating in a final compromise, settlement and conciliation agreement on April 15, 2003, which provided for ADCO to pay both Williams and Buckner a lump sum of $25,000. The EEOC submitted the agreements to Buckner and Washington for their respective signatures. Washington allegedly signed his agreement, but Buckner refused, for in the meantime, while the conciliation negotiations were proceeding, Buckner had enlisted the assistance of an attorney and signed a retainer contract with Byrd and Associates on March 5, 2003. In fact, on

March 7, 2003, attorney Ramel Cotton faxed a letter informing the EEOC that he had been retained by plaintiff, a copy of which is attached to plaintiff's response.

Shortly after Buckner declined to sign the agreement, the EEOC contacted ADCO by telephone, advising of Buckner's decision not to sign the settlement agreement. On May 13, 2003, the EEOC wrote Buckner, informing him that efforts to conciliate his claim had been unsuccessful and that further conciliation efforts would be futile; a copy of this letter was also sent to attorney Cotton. The EEOC issued plaintiff a Notice of Right to Sue letter on May 28, 2003, and he subsequently filed suit against ADCO.

Defendant filed the instant motion asking the court to enforce the settlement agreement and dismiss plaintiff's complaint because plaintiff's claims are barred by the conciliation agreement. ADCO argues that the EEOC had authority to negotiate and prepare the conciliation agreement, and despite the fact that the agreement was never signed by plaintiff, he is bound by the terms of the oral agreement. In response, plaintiff argues that any authority the EEOC had to negotiate on his behalf was terminated when he retained private counsel on March 5, 2003, and any subsequent negotiations between the EEOC and ADCO are non-binding.

The EEOC, after finding that evidence exists to support a claimant's charge of discrimination, must "endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e-(5)(b). In *Cox v. United* *States Gypsum Company,* several plaintiffs filed charges of discrimination based on sex against their employer. 284 F.Supp. 74 (N.D.Ind.1968), *aff'd as modified on other grounds,* 409 F.2d 289 (7th Cir.1969). The employer agreed to a conciliation agreement proposed by the EEOC, but the plaintiffs rejected the proposal and filed suit. *Id.* The court held that the plaintiffs were within their rights to reject the agreement, reasoning " 'conciliation' ... does not refer to the agreement of the respondent to a Commission proposal, but a mutually satisfactory agreement of the charging party and the respondent." [1] *Id.* at 84. Here, Buckner refused to sign the agreement. The EEOC responded by sending letters to Buckner and ADCO informing them efforts to conciliate the charge had failed, and issued Buckner a notice of his right to sue. As such, the court finds that Buckner exercised his right to reject the proposed conciliation, and accordingly, no mutually satisfactory agreement was reached between plaintiff and ADCO.

Based on the foregoing, defendant's motion to enforce settlement and dismiss plaintiff's complaint is denied.

Furthermore, defendant's motion to strike plaintiff's response as untimely is denied.

---

**1.** *See also Cox,* 409 F.2d at 291 ("We are in accord with the conclusion of the district court, for the reasons stated, that the act 'does not prevent a private suit because an employer agrees to a proposal totally unacceptable to the charging party.' "); *Austin v. Reynolds* *Metals Co.,* 327 F.Supp. 1145 (E.D.Va.1970) (finding that a conciliation agreement signed by some claimants did not bar other claimants from bringing a civil action for damages).